FILED
DEC 0 2 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, ) | |
| ) | |
| Plaintiff, ) | A05-212 CV  (JWS) |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| CHESTER LEE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

Plaintiff has filed a Motion to Dismiss this action, indicating that he does not "understand what [the] court is asking me."[1]  He complains that his request for appointed counsel was denied, despite the fact that he is mentally retarded.[2]

On September 13, 2005, this Court issued an Order Denying Request for Counsel, noting that there is no right to counsel at public expense in civil cases, and that the Court has been unsuccessful in its attempts at finding attorneys to represent prisoners on a volunteer basis except in the most compelling and aggravated cases.[3] In its Order denying a request for counsel, this Court noted that the issue in this case is not complicated, and "appears to be the type of case which could perhaps be settled by providing adequate glasses to Mr. Andrews."[4]  Thus, this Court concluded that this is not a case appropriate for referral to the Pro Bono Program, and the use of its limited resources.  However, noting that Plaintiff is mentally challenged, this Court indicated

---

[1] Docket 13.

[2] *Id.*

[3] Docket 7.

[4] *Id.*

14

that "if the case is not fairly quickly resolved . . . the Court will entertain another motion for court-appointed counsel to assist Mr. Andrews in this matter."[5]

In light of the foregoing, Plaintiff's Motion to Dismiss at Docket 13 is construed by this Court as a renewed Motion for Appointment of Counsel.

The Court may <u>request</u> that a private attorney represent an indigent litigant.[6] The Ninth Circuit Court of Appeals, following the United States Supreme Court, has explained that the exercise of that discretion is guided by several factors: The Court must determine that the plaintiff (1) cannot afford counsel; (2) has made reasonable attempts to find counsel without success; and (3) has at least a possibility of success on the merits.[7] Finally, the Court must determine whether the claim is so factually and legally complex that the plaintiff needs counsel to articulate his or her claims.[8]

Generally, where an indigent party brings an arguably meritorious action, the action is complicated, and the party requests counsel, the Court will refer the matter to Alaska Pro Bono Program, Inc. The agreement with the Pro Bono Program requires that the Court pre-screen complaints to ensure that the Court has jurisdiction and that the complaint at least states a cause of action.[9] With this in mind, the Court has once again reviewed Plaintiff's complaint. In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the

---

[5] *Id.*, at 2.

[6] See *Mallard*, 490 U.S. at 301-02.

[7] See *Bounds v. Smith*, 430 U.S. 817 (1977); *Ivey v. Board of Regents Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

[8] See *Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

[9] See also 28 U.S.C. § 1915(e)(2)(B).

benefit of any doubt.[10] Having reviewed the materials in this action, the Court concludes that Plaintiff arguably alleges a meritorious cause of action, and that in light of his mental impairments, counsel would be helpful. Therefore, the Court will refer the matter to the Pro Bono Program.[11]

**IT IS HEREBY ORDERED:**

1. Plaintiff's application for assistance in securing counsel, at docket number 13, is **GRANTED**; and

2. The Clerk of Court shall send copies of the docket and record to Kara Nyquist and Erick Cordero, Alaska Pro Bono Program, Inc., P.O. Box 140191, Anchorage, Alaska 99514-0191. Ms. Nyquist and Mr. Cordero are requested to find a volunteer attorney to represent Mr. Andrews, and to notify both the Court and Mr. Andrews when, and if, counsel is secured.

DATED at Anchorage, Alaska this 1st day of December 2005.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[10] See *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999); *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir. 1996).

[11] Although the Pro Bono Program will make a reasonable attempt to find a volunteer attorney, there is <u>no guarantee</u> of counsel through the Program.

A05-0212--CV (JWS)

J. BODICK (BODICK)
P. ANDREWS
K. NYQUIST w/dkt & cy case file
E. CORDERO w/dkt & cy case file