Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811
(907) 465-3428
FAX: (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

**FILED**
DEC 3 0 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CHESTER LEE WILLIAMS, | ) |
| Defendant. | ) |
| | ) Case No. A05-212 CV (JWS) |

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Comes now defendant Chester Lee Williams, by and through his attorney of record, Marilyn J. Kamm, Assistant Attorney General, and hereby moves this court to dismiss this lawsuit pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). This motion is supported by the memorandum of law, *infra*.

Plaintiff's claims should be dismissed because he must first have his conviction for assault in the fourth degreee in *State v. Andrews*, Case No. 3AN-04-5995 CR reversed before he proceeds with this civil rights action. So ruled the U.S. Supreme

Court in *Heck v. Humphrey, supra*. Andrews cannot state a claim for relief until his conviction is reversed.

## FACTS

Plaintiff Andrews alleges in his complaint that his constitutional rights were violated by Correctional Officer Williams on May 14, 2004. *See* Complaint, docket 2, p. 3. He claims that the defendant assaulted him. He seeks compensatory and punitive damages. *Id.*, p. 8. However, the plaintiff has not alleged that his conviction for assaulting Trooper Zimmerman in *State v. Andrews*, Case No. 3AN-04-5995 cr (Exhibit A) was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Trooper Zimmerman was assaulted by plaintiff Andrews on May 14, 2004. Exhibit B. Correctional Officer Williams was given a commendation by the Alaska State Troopers for coming to the aid of Trooper Zimmerman when Zimmerman was assaulted by Andrews.

## ARGUMENT

### Plaintiff Fails to State a Claim Upon Which Relief May be Granted

Plaintiff Andrews claims his constitutional right to be free from cruel and unusual punishment was violated in this civil rights case. However, a jury found him guilty of assaulting Trooper Zimmerman in *State v. Andrews, supra*. This lawsuit should be dismissed because he fails to state a claim upon which relief may be granted. He has not had his conviction overturned by the state courts or by the federal courts in a habeas proceeding.

This result is mandated by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* resolved a question generated by the Court's decision in *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), i.e. whether one can bring a § 1983 action contesting a criminal conviction or other proceeding affecting the length of incarceration when the implicit effect of granting § 1983 relief would be a judgment that would undermine the original criminal conviction or other proceeding. This question had typically arisen when inmates filed civil rights actions regarding their criminal conviction or prison disciplinary proceedings where they lost good-time credits, alleging that they did not receive due process in their trial or disciplinary proceeding. Heck sought to challenge his state court criminal conviction. The Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 114 S.Ct. at 2372.

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: (907) 465-3428 FAX: (907) 465-4043

Andrews was convicted of assaulting Trooper Zimmerman on May 14, 2004. To rule in this case that Officer Williams violated his constitutional rights when he came to the aid of Trooper Zimmerman would have the effect of indirectly invalidating his conviction. As *Heck* mandates, Andrews does not have a claim for relief cognizable under § 1983 until he first has his conviction reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Defendant respectfully requests that this court dismiss this case. Dated this 28th day of December, 2005, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: *(signature)*
Marilyn J. Kamm
Assistant Attorney General

I certify that on December 28, 2005, I caused to be mailed a true and correct copy of the foregoing with first class postage, via the U.S. Post Office to:

Peter Lee Andrews
SCCC
Box 5001
Seward, AK 99664-5001

*(signature)*
Marilyn J. Kamm

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: (907) 465-3428 FAX: (907) 465-4043

Motion to Dismiss
*Andrews v. Williams*, Case No. A05-212 cv (JWS)
Page 4 of 4

Screen for VRA

IN THE DISTRICT COURT FOR THE STATE OF ALASKA AT ANCHORAGE
## JUDGMENT

[✓] State of Alaska  [ ] Municipality of Anchorage       Count __I__
vs.
Defendant: _Peter Andrews_       CASE NO. 3AN- _04 - 5795_ CR
DOB _____  Address: _____

Defendant is:
[ ] GUILTY of _Assault (4)_
Statute/Ordinance: _11.41.230(a)(1)_

[ ] NOT GUILTY. It is ordered that defendant is acquitted and discharged.

PLEA: [✓] Not Guilty  [ ] Guilty  [ ] No Contest
RULE 11 PLEA: [ ] Yes  [ ] No  [ ] Partial
TRIAL: [ ] Court  [✓] Jury
DV Offense per AS 18.66.990(3)&(5): [ ] Yes  [ ] No
Sex Offender Registration Required by AS 12.63.100: [ ] Yes  [ ] No

[ ] SUSPENDED IMPOSITION OF SENTENCE. Imposition of sentence is suspended and defendant is placed on probation for _____, subject to the orders and conditions listed below.

### SENTENCE IS IMPOSED AS FOLLOWS:
DIRECT COURT ORDERS
1. FINE: $_____ with $_____ suspended. Due _____ Bail to Fine $_____
   [ ] Fees paid to court-ordered programs will be credited to fine if defendant presents proof of payment to clerk by above due date.
2. SURCHARGE due within 10 days: [✓] $50 (Misd)  [ ] $10 (Infraction)  [ ] None (Fine Under $30)
3. JAIL _1 year_ with _____ days suspended. Report at 7:45 a.m. on _____ to the Cordova Center, 130 Cordova Street, Anchorage.
4. [ ] Defendant is ordered to complete the treatment recommended by the Anchorage Alcohol Safety Action Program (AASAP) and pay costs. Report to AASAP as explained in the "Instructions for Defendant After Sentencing." This may include residential treatment up to ____ days plus required aftercare in addition to any jail time ordered above.
5. [ ] Defendant is ordered to perform _____ hours Community Work Service (CWS) within/by _____.
   [ ] CWS not completed will convert to 3 hours of jail per CWS hour.
6. [✓] Defendant is ordered to make restitution [✓] as stated in the Restitution Judgment [ ] in an amount to be determined as provided in Criminal Rule 32.6 (c)(2). See "Instructions for Defendant After Sentencing".
7. [ ] Defendant is ordered to _____

CONDITIONS OF PROBATION. Defendant is placed on probation for _____ years/months, subject to the following conditions:
8. [✓] Comply with all direct court orders listed above by the deadlines stated and follow the instructions on the "Instructions for Defendant After Sentencing."
9. [ ] Commit no jailable offenses during the period of probation.
10. [ ] Complete a state-approved domestic violence intervention program. Pay monitoring fees and program costs. Register as explained in the "Instructions for Defendant After Sentencing."
11. [ ] Have no contact, direct or indirect, with _____ unless that person's written consent has been supplied to the Prosecutor's Office.
12. Other: _____

COST OF COUNSEL (If Appointed). Unless you object within 10 days, the court will enter a judgment against you for the cost of appointed counsel in the amount of  [ ] $500 (Trial)  [✓] $200 (Change of Plea)  [ ] $_____ (Actual Costs). Reasons for waiving schedule of costs: _____
You may use form CR-531, available in the Clerk's Office, to file your opposition.

I certify that on _____ a copy of this judgment was given to
[ ] Def/Atty [ ] Prosecutor [ ] Jail [ ] DMV
[ ] AASAP [ ] DV Monitor [ ] CWS

District Court Judge/Magistrate
Print Name: _____     /Effective Date

In-Court Clerk: _____

EXHIBIT A
PAGE _1_ OF _1_

CR-460 ANCH (4/02)(st.4) JUDGMENT- GENERAL

See CR-462A for statistical information.
Crim. R. 32 and 32.6, 22 AAC 05.615

IN THE DISTRICT COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA, ) | **FILED in the Trial Courts**<br>State of Alaska, Third District |
| Plaintiff, ) | |
| vs. ) | JUN 25 2004 |
| PETER L. ANDREWS, )<br>DOB: 1/4/1984 )<br>APSIN ID: 6912728 )<br>DMV NO. 7068266 )<br>SSN: 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 )<br>ATN: 102-937-698 ) | Clerk of Trial Courts<br>By_____ Deputy |
| Defendant. ) | |

Case No. 3AN-S04-5995 Cr.

## COMPLAINT

I certify this document and its attachments do not contain the (1) name of a victim of a sexual offense listed in AS 12.61.140 or (2) residence or business address or telephone number of a victim or witness to any offense unless it is an address identifying the place of a crime or an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

The following counts charge a crime involving DOMESTIC VIOLENCE as defined in AS 18.66.990:

Count I - AS 11.41.230(a)(1)
Assault In The Fourth Degree
Peter L. Andrews - 001

Count II - AS 11.46.484(a)(1)
Criminal Mischief In The Fourth Degree
Peter L. Andrews - 002

YOUR COMPLAINTANT CHARGES:

### Count I

That on or about May 14, 2004, at or near Anchorage in the Third Judicial District, State of Alaska, PETER L. ANDREWS recklessly caused physical injury to another person.

EXHIBIT B
PAGE 1 OF 2

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

All of which is a class A misdemeanor offense being contrary to and in violation of AS 11.41.230(a)(1) and against the peace and dignity of the State of Alaska.

### Count II

That on or about the 14th day of May, 2004, at or near Anchorage in the Third Judicial District, State of Alaska, PETER L. ANDREWS having no right to do so or any reasonable ground to believe the defendant had such a right, intentionally damaged property of another in an amount of $50 or more but less than $500.

All of which is a class A misdemeanor offense being contrary to and in violation of AS 11.46.484(a)(1) and against the peace and dignity of the State of Alaska.

This complaint is based upon the investigator of your complainant Trooper Shepherd in Alaska State Trooper Case No. 04-35846 which reveals the following facts.

On May 14, 2004 while preparing to transport the defendant to court from the Anchorage Jail, the defendant, without provocation, attacked uniformed State Trooper Brad Zimmerman by striking Trp. Zimmerman in the face. The blow to Trp. Zimmerman opened a cut under his right eye and broke Trooper Zimmerman's glasses. Trp. Zimmerman had to replace his glasses incurring a cost of $411.

DATED at Anchorage, Alaska this 25 day of June, 2004.

_____
Terry L. Shepherd
Alaska State Troopers

SUBSCRIBED AND SWORN to this 25 day of June, 2004, at Anchorage, Alaska.

_____
Judge / Magistrate

EXHIBIT B
PAGE 2 OF 2