Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811
(907) 465-3428
FAX: (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

RECEIVED
JAN 3 0 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,<br><br>    Plaintiff,<br><br>vs.<br><br>CHESTER LEE WILLIAMS,<br><br>    Defendant. | Case No. A05-212 CV (JWS) |

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Comes now defendant Chester Lee Williams, by and through his attorney of record, Marilyn J. Kamm, Assistant Attorney General, and hereby moves this court to dismiss this lawsuit pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). This motion is supported by the memorandum of law, *infra*.

Plaintiff's claims should be dismissed because he must first have his conviction for assault in the fourth degree in *State v. Andrews*, Case No. 3AN-04-5995

CR reversed before he proceeds with this civil rights action. So ruled the U.S. Supreme Court in *Heck v. Humphrey, supra*. Andrews cannot state a claim for relief until his conviction is reversed.

## FACTS

Plaintiff Andrews alleges in his complaint that his constitutional rights were violated by Sgt. Williams on May 14, 2004. *See* Complaint, docket 2, p. 3. He claims that the defendant assaulted him. He seeks compensatory and punitive damages. *Id.*, p. 8. However, the plaintiff has not alleged that his conviction for assaulting Trooper Zimmerman in *State v. Andrews*, Case No. 3AN-04-5995 cr (Exhibit A)[1] was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Trooper Zimmerman was assaulted by plaintiff Andrews on May 14, 2004. Exhibit B.[2] Sgt. Williams saw the assault and subdued the plaintiff together with the assistance of another correctional officer. Sgt. Williams was given a commendation by the Alaska State Troopers for coming to the aid of Trooper Zimmerman when Zimmerman was assaulted by Andrews. *See* Affidavit of Sgt. Williams.

---

[1] The Judgment was certified on January 18, 2006, by a Deputy Clerk of the Trial Courts to be a true and correct copy of the original on file in the State of Alaska Trial Courts.

[2] The Complaint was certified on January 18, 2006, by a Deputy Clerk of the Trial Courts to be a true and correct copy of the original on file in the State of Alaska Trial Courts.

Motion to Dismiss
*Andrews v. Williams*, Case No. A05-212 cv (JWS)
Page 2 of 6.

## STANDARD FOR GRANTING DISMISSAL

Rule 12(b)(6) of the Federal Rules of Civil Procedure affords a threshold challenge to the adequacy of a complaint. It addresses exclusively the legal sufficiency of an asserted claim(s). *Neitzke v. Williams,* 490 U.S. 319, 320 (1989). Under this rule the court must accept the facts pleaded as true and determine whether they state a claim upon which relief can be granted. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief. *Hishor v. King & Spaulding,* 467 U.S. 69, 73 (1984); *Hughes v. Roe,* 449 U.S. 5, 10 (1980). To that end, the complaint is construed liberally in the plaintiff's favor, and plaintiff is granted the benefit of all inferences that can be derived from the facts alleged. *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th Cir. 1990). The court need not accept the inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions stated in the form of factual allegations. *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). A complaint may be dismissed if supported only by vague and conclusory allegations. *Northington v. Jackson,* 973 F.2d 1518 (10th Cir. 1992).

This standard allows the trial court to dismiss claims that are without an arguable legal theory. Rule 12(b)(6) allows the court to dismiss a claim on the basis of dispositive issues of law, not fact. *Neitzke,* 490 U.S. at 326. It is not a procedural device for testing the truth of what is asserted or for determining whether a plaintiff

Motion to Dismiss
*Andrews v. Williams,* Case No. A05-212 cv (JWS)
Page 3 of 6.

has any evidence to back up what is in the complaint. *Dioguardi v. Duning,* 139 F.2d 774 (2nd Cir. 1994).

## ARGUMENT

### PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF

Plaintiff Andrews claims his constitutional right to be free from cruel and unusual punishment was violated in this civil rights case. However, a jury found him guilty of assaulting Trooper Zimmerman in *State v. Andrews, supra.* This lawsuit should be dismissed because he fails to state a claim upon which relief may be granted. He has not had his conviction overturned by the state courts or by the federal courts in a habeas proceeding.

This result is mandated by the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* resolved a question generated by the Court's decision in *Preiser v. Rodriquez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), i.e. whether one can bring a § 1983 action contesting a criminal conviction or other proceeding affecting the length of incarceration when the implicit effect of granting § 1983 relief would be a judgment that would undermine the original criminal conviction or other proceeding. This question had typically arisen when inmates filed civil rights actions regarding their criminal conviction or prison disciplinary proceedings where they lost good-time credits, alleging that they did not receive due process in their trial or disciplinary proceeding. Heck sought to challenge his state court criminal conviction. The Supreme Court held that:

Motion to Dismiss
*Andrews v. Williams*, Case No. A05-212 cv (JWS)
Page 4 of 6.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 114 S.Ct. at 2372.

Andrews was convicted of assaulting Trooper Zimmerman on May 14, 2004. To rule in this case that Officer Williams violated his constitutional rights when he came to the aid of Trooper Zimmerman would have the effect of indirectly invalidating his conviction. As *Heck* mandates, Andrews does not have a claim for relief cognizable under § 1983 until he first has his conviction reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Defendant respectfully requests that this court dismiss this case.

Dated this 25 day of January, 2006, at Juneau, Alaska.

Motion to Dismiss
*Andrews v. Williams*, Case No. A05-212 cv (JWS)
Page 5 of 6.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: *Marilyn J. Kamm*
Marilyn J. Kamm
Assistant Attorney General

I certify that on January 26, 2006, I mailed a true and correct copy of the foregoing with first class postage, via the U.S. Post Office to:

Thomas Dosik
Disability Law Center
3330 Arctic Blvd., Suite 103
Anchorage, AK 99664-5001

*Patricia Bower*
Patricia Bower, Law Office Assistant

Motion to Dismiss
*Andrews v. Williams*, Case No. A05-212 cv (JWS)
Page 6 of 6.