Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811
(907) 465-3428
FAX: (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,<br><br>    Plaintiff,<br><br>vs.<br><br>CHESTER LEE WILLIAMS,<br><br>    Defendant. | Case No. A05-212 CV (JWS) |

**AFFIDAVIT OF COUNSEL**

STATE OF ALASKA    )
                                   ) ss.
FIRST JUDICIAL DISTRICT  )

    I, Marilyn J. Kamm, state after being duly sworn and based upon my personal knowledge that:

    1.    I am the attorney for defendant in the above-referenced case.

    2.    I have been one of the attorneys for the Department of Corrections since November, 1993.

Affidavit of Counsel
*Andrews v. Williams*, Case A05-212 CV (JWS)
Page 1 of 4.

3.  I did not ignore the evidence rules when I filed my first motion to dismiss with unauthenticated exhibits. I did not expect the plaintiff to contest the fact that he was convicted of Assault in the Fourth Degree in *State v. Andrews*, Case No. 3AN-04-5995 CR nor did I expect him to object to my exhibits. Most of my litigation for DOC involves *pro se* inmates. I cannot recall any inmate authenticating any exhibit in the past twelve years. However, as a rule I do not object to unauthenticated exhibits in *pro se* inmate lawsuits as long as I can confirm without undue effort that the exhibit is a true copy of what it purports to be. I have never seen the court issue an order *sua sponte* directing a party to file authenticated exhibits in any of the lawsuits I have handled prior to receiving the order at docket 20.

4.  I made a simple mistake when I named my second motion a Motion to Dismiss despite the inclusion of the Affidavit of Sgt. Williams. I did not ignore the court's order at docket 20 nor did I refuse to follow it. I simply "spaced out" the directive to file the motion as one for summary judgment. I had originally intended to just submit the certified copies of the exhibits to the court, but I did not receive them within 15 days of the service of docket 20. When I finally got the exhibits, I forgot to change the motion to dismiss to a motion for summary judgment.

5.  On January 31, 2006, plaintiff's attorney telephoned me and left voice mail about the error. I returned his phone call. After I asked what difference it made that I mischaracterized the motion as a motion to dismiss, he told me to go read the civil rules and then tell him how I was proceeding. He followed up his telephone

Affidavit of Counsel
*Andrews v. Williams,* Case A05-212 CV (JWS)
Page 2 of 4.

call with a fax, demanding that I either withdraw my motion to dismiss or advise the court by the close of business that day that I wanted it treated as a motion for summary judgment. He told me that if I did not do so by the close of business, he would move for sanctions. Exhibit A is a true and correct copy of his letter

6. I responded to counsel's letter that afternoon acknowledging my error and noting that could he could note my concession that the motion should have been filed as a motion for summary judgment in his opposition. I did not believe it necessary for me to take some "corrective action." I also wrote that I would include the standards for summary judgment in my reply and stated the standards so that he confirm that they were the correct standards. Exhibit B is a true and correct copy of my letter to him dated January 31, 2006

7. The following day I received another letter from counsel stating that he had filed a request with the court for clarification the previous day. Exhibit C is a true and correct copy of his letter to me dated February 1, 2006. He re-iterated that he would filed a motion for sanctions unless I took some "corrective" action. He added, "This is basic civil procedure, not rocket science." That day he served me with a copy of his motion for sanctions before I had responded to his letter. Exhibit D is a true and correct copy of his letter enclosing the motion. He did not fax his motion for sanctions. I received it February 3, 2006.

8. Exhibit E is a true and correct copy of my letter to counsel dated

Affidavit of Counsel
*Andrews v. Williams*, Case A05-212 CV (JWS)
Page 3 of 4.

February 2, 2006. I explained to counsel that I did not understand the tone of his letters or his repeated threats of sanctions. I had advised him that he could note my concession that my motion should have been filed as a motion for summary judgment. In my experience if there is a disagreement about the proper procedure or substantive law that the court addresses it after considering the motion, opposition and reply.

       9.    I am requesting leave to file my Reply to the Response to Motion late. I did not receive notice setting the reply due date and had planned to file a Motion to Strike the response. However, when I looked at the docket on February 17, 2006, I discovered the reply due date for February 13, 2006.

Further this affiant sayeth naught.

_____
Marilyn J. Kamm

SUBSCRIBED AND SWORN TO before me this 21st day of February, 2006, at Juneau, Alaska.

_____
Notary Public in and for State of Alaska

My commission expires: _with office_



Affidavit of Counsel
*Andrews v. Williams*, Case A05-212 CV (JWS)
Page 4 of 4.