# STATE OF ALASKA

**DEPARTMENT OF LAW**
*CRIMINAL DIVISION*



**FRANK H. MURKOWSKI,**
**GOVERNOR**

| | |
|---|---|
| *Mailing:* | PO Box 110300 |
| | Juneau, AK 99811-0300 |
| *Delivery:* | 123 4th Street, Ste 717 |
| | Juneau, AK 99801 |
| *Phone:* | (907) 465-3428 |
| *Fax:* | (907) 465-4043 |

January 31, 2006

Thomas A. Dosik
Disability Law Center of Alaska
3330 Arctic Blvd.
Anchorage, AK 99508

Re: *Andrews v. Williams*, Case A05-212 CV (JWS)          Via Fax Only

Dear Mr. Dosik:

I apologize for mischaracterizing Sgt. Williams' recent motion as a motion to dismiss. My mistake was not intentional; I overlooked the fact that I supported this motion with Sgt. Williams' affidavit. However, I do not believe it necessary to notify the court today of my error. You can note in your response that I have acknowledged my error and that I will incorporate these standards in my reply if you so desire:

## STANDARDS FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In deciding a motion for summary judgment the court views the evidence and the inferences therefrom in the light most favorable to the non-moving party. *Levin v. Knight*, 780 F.2d 786, 787 (9th Cir. 1986). Three United States Supreme Court cases have clarified what a non-moving party must do to withstand a summary judgment motion. As explained by the Ninth Circuit in *California Architectural Building Products, Inc. v Franciscan Ceramics, Inc.*, 818 F. 2d 1466, 1468 (9th Cir. 1987):

EXHIBIT _B_
PAGE _1_ OF _2_

Mr. Thomas Dosik

January 31, 2006
Page 2.

First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, [477 U.S. 317], 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, [477 U.S. 242], 105 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)(emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).

Sincerely,

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By *Marilyn Kamm*
Marilyn J. Kamm
Assistant Attorney General

EXHIBIT B
PAGE 2 OF 2