Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHESTER LEE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. A05-212 CV (JWS) |

OPPOSITION TO MOTION FOR SANCTIONS

Plaintiff's motion for sanctions is legally and factually flawed.  While defendant has already conceded that the motion to dismiss at docket 25 should have been filed as a motion for summary judgment, that simple error does not give rise to Rule 11 sanctions.   Counsel did not ignore this court's previous order, nor did she refuse to follow it.  She did not file the motion to dismiss to harass counsel and cause unnecessary delay and expense.  See Affidavit of Counsel.  She made a mistake, and she has acknowledged it.

Plaintiff is in error when he claims that exhibits A and B to the motion to dismiss are unauthenticated and inadmissible. Evidence Rule 1005 provides:

> **Rule 1005. Public Records**
> The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with rule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

Evidence Rule 1005.

Rule 902(4) provides for the self-authentication of certain records:

> **Rule 902. Self-authentication**
>
> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
> …
> **(4) Certified copies of public records**. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority.

Evidence Rule 902(4).

Evidence Rule 902(1) pertains to documents under seal.

> **Rule 902. Self-authentication**
>
> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(1) Domestic public documents under seal**. A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

Evidence Rule 902(1).

Exhibits A and B are admissible pursuant to Evidence Rule 902(4). Exhibit A is a certified copy of the Judgment in *State v. Andrews*, Case No. 3AN-04-5995 CR. filed in the District Court for the State of Alaska at Anchorage. The copy was certified by the Deputy Clerk of the Trial Courts of the State of Alaska, on January 18, 2006, and is embossed with the seal of the State of Alaska.

Exhibit B is a certified copy of the Complaint in *State v. Andrews*, Case No. 3AN-S04-5995 CR filed in the District Court for the State of Alaska at Anchorage. The copy was certified by the Deputy Clerk of the Trial Courts of the State of Alaska, on January 18, 2006, and is embossed with the seal of the State of Alaska.

Defendant respectfully requests that this court deny the motion for sanctions.

Dated this 21st day of February, 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300

Opposition to Motion for Sanctions
*Andrews v. Williams,* Case A05-212 CV (JWS)
Page 3 of 4.

Juneau, AK  99811  
Phone: (907) 465-3428  
Fax: (907) 465-4043  
Marilyn_Kamm@law.state.ak.us

I certify that on February 21, 2006, I caused to be mailed a true and correct copy of the foregoing with first class postage, via the U.S. Post Office to:

> Thomas Dosik
> Disability Law Center
> 3330 Arctic Blvd. Suite 103
> Anchorage, AK  99503

_____
Marilyn J. Kamm

Opposition to Motion for Sanctions
*Andrews v. Williams,* Case A05-212 CV (JWS)
Page 4 of 4.