Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHESTER LEE WILLIAMS, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. A05-212 CV (JWS) |

ERRATA

Comes now defendant, by and through his attorney of record, Marilyn J. Kamm, Assistant Attorney General, and hereby advises the court and counsel that the Motion to Dismiss at docket 25 should have been filed as a Motion for Summary Judgment. The standards for summary judgment are as follows:

**STANDARDS FOR SUMMARY JUDGMENT**

Rule 56(c) of the Federal Rules of Civil Procedure provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In deciding a motion for summary judgment the court views the evidence and the inferences therefrom in the light most favorable to the non-moving party. *Levin v. Knight*, 780 F.2d 786, 787 (9th Cir. 1986). Three United States Supreme Court cases have clarified what a non-moving party must do to withstand a summary judgment motion. As explained by the Ninth Circuit in *California Architectural Building Products, Inc. v Franciscan Ceramics, Inc.*, 818 F. 2d 1466, 1468 (9th Cir. 1987):

> First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, [477 U.S. 317], 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, [477 U.S. 242], 105 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)(emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).

Dated this 27th day of February, 2006.

Errata
*Andrews v. Williams,* Case A05-212 CV (JWS)
Page 2 of 3.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us


Certificate of Service

I hereby certify that on February 27, 2006, a copy of the foregoing Errata was served electronically on plaintiff's counsel, Mr. Thomas Dosik at tdosik@dlcak.org

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Errata
*Andrews v. Williams,* Case A05-212 CV (JWS)
Page 3 of 3.