Thomas A. Dosik, Esq.
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
E-Mail: Tdosik@dlcak.org

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,          )<br>                             )<br>     Plaintiff              )<br>                             )<br>v.                           )<br>                             )<br>CHESTER LEE WILLIAMS,        )<br>                             )<br>     Defendant              )<br>                             ) | Case No. A05-212CV (JWS) |

### **OPPOSITION TO MOTION FOR LEAVE TO FILE LATE REPLY**

Defendant's motion for leave to file a late reply should be denied.  Defendant offers no compelling reason as to why he was unable to file a reply in a timely manner and, because the only issue currently in front of the Court is whether to treat the underlying motion as one for summary judgment or as a motion to dismiss, a Reply brief would not be particularly helpful to the Court.

On December 30, 2005, Defendant Chester Lee Williams filed a Motion to Dismiss. [Docket 17] Attached to this motion were several unauthenticated exhibits. This Court, sua sponte, issued an order stating that if Defendant filed authenticated exhibits within 15 days, the motion would be treated as one for summary judgment, and if no exhibits were filed, the motion would be denied.  [Docket 19] One month later Defendant filed a second Motion to Dismiss accompanied by several improperly

authenticated exhibits. [Docket 25] Defendant refused to clarify to Plaintiff's counsel whether he wished the second motion to be treated as one for Summary Judgment pursuant to Rule 56 or a Motion to Dismiss pursuant to Rule 12. [Affidavit of Thomas Dosik, Docket 26; Affidavit of Marilynn Kamm, para. 5, Docket 29] Thereafter, Plaintiff filed a Response to the Motion, asking the Court to state how it intended to treat the motion. [Docket 26]

On February 23, Defendant requested leave to file a late reply to Plaintiff's Response. [Docket 28] Pursuant to Local Rule 7.1 Defendants' reply had been due on February 13. As the basis for the request to file a late reply, Defendant's attorney stated "I am requesting leave to file my Reply to the Response to Motion late. I did not receive notice setting the reply due date and had planned to file a Motion to Strike the response. However, when I looked at the docket on February, 17, 2006 I discovered the reply due date for February 13, 2006." [Docket 29]

Defendant has not expressed an adequate reason to allow a late reply. Local Rule 7.1 is quite specific in stating that a reply must be filed within 5 days. There is no exception in that rule for attorney who wants to take an extra week to ponder the pros and cons of filing a Motion to Strike rather than a Reply brief.[1] Nor does the fact that Defendant did not receive a written invitation from the court to file a reply entitle him to file such a late reply.

Additionally, Ms. Kamm notes in her affidavit that the reply was due on February 13, 2006. She discovered this fact on February 17. Yet she waited an

---

[1] Defendant offers no hint as to the basis for this potential motion to strike. Plaintiff's Response to the "Motion to Dismiss" was a perfectly reasonable request for clarification. Defendant's motion must be treated as either a Motion to Dismiss or a Motion for Summary Judgment—it cannot be both. Plaintiff should not be required to respond to both. Moreover, if this Court is going to treat the Motion as one for summary judgment, Plaintiff is entitled to prior notice from the Court. *See* Civil Rule 12(c).

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

additional six days, until February 23, before actually requesting leave to file a late reply. Defendant apparently did not regard filing a reply as a particularly urgent or important matter.

Finally, it appears that Defendant has simply decided not to wait for leave to file a reply brief. On February 27, Defendant filed a document entitled "Errata" [Docket 34] in which he claims "the Motion to Dismiss at docket 25 should have been filed as a Motion for Summary Judgment..." and sets forth the generic standards for a summary judgment motion.

Plaintiff requests that this court strike the "Errata" at docket 34 as a late filed reply brief. The fact that Defendant has twice tried and twice failed to craft a Rule 12(b)(6) motion for judgment on the pleadings without referencing external materials should be taken as an admission that the Complaint in this case does state a claim upon which relief can be granted. And, rather than go through the pointless exercise of officially notifying Plaintiff that the Court intends to treat the motion as one for Summary Judgment just so Plaintiff can request a continuance under Rule 56(f)—discovery has not yet even begun in this case—this Court should deny the Motion to Dismiss outright.

Done this 13th day of March, 2006.

I, Thomas A. Dosik, hereby certify that, on March 13, 2006, a copy of this document was served electronically on Marilyn Kamm at Marilyn_Kamm@law.state.ak.us

_____
Thomas A. Dosik.

Disability Law Center of Alaska

_____
Thomas A. Dosik, Esq., ABA #9505018
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
E-mail: tdosik@dlcak.org