Thomas A. Dosik, Esq.
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd.
Anchorage, AK 99508
Telephone: (907) 565-1002
Fax: (907) 565-1000

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,<br><br>    Plaintiff<br><br>v.<br><br>CHESTER LEE WILLIAMS,<br><br>    Defendant | )<br>)<br>)<br>)  Case No. A05-212CV (JWS)<br>)<br>)<br>)<br>)<br>)<br>) |

### OPPOSITION TO MOTION TO SECOND MOTION TO DISMISS.

### I. INTRODUCTION.

Defendant has, for the second time, moved to dismiss this case. At a status conference held on May 4, 2006, this Court indicated that it would treat the second motion to dismiss as a motion for summary judgment, because of the attached exhibits. Plaintiff hereby opposes that motion.

### II ARGUMENT.

Plaintiff's complaint (both original and amended versions) alleges that he was assaulted by Sgt. Chester Lee Williams of the Alaska Department of Corrections. Defendant moves for summary judgment on the basis that Plaintiff cannot obtain any relief under because he was convicted of assaulting another person, Alaska State Trooper Zimmerman.

In order to prevail on a motion for summary judgment the defendant must demonstrate that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Defendant fails to meet this standard, because, even assuming the facts as alleged by Defendant are true, Defendant has not shown that he is entitled to summary judgment as a matter of law.

Defendant has moved for summary judgment the basis that allowing Mr. Andrews' claims go forward would violate the doctrine enunciated in *Heck v. Humphrey,* 512 U.S. 477 (1994). Defendant argues that because Mr. Andrews was convicted of assaulting Trooper Brad Zimmerman, he is barred from bringing a § 1983 action against Chester Williams. *Heck* mandates no such result.

In *Heck* the Supreme Court held that if a prisoner in a federal civil rights action is challenging the legality of his conviction, so that his victory in the civil rights action would require his release even if he had not sought that relief, the suit must be classified as a habeas corpus action and be dismissed if the plaintiff has failed to exhaust his state remedies. In *Heck*, the petitioner, Roy Heck, was convicted of voluntary manslaughter and was serving his sentence in state prison. While the appeal from his conviction was pending, Mr. Heck filed a § 1983 suit in federal court, naming as defendants the prosecutors and an investigator in his criminal case. He alleged that the defendants had engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to his arrest; knowingly destroyed evidence which was exculpatory in nature and could have proved his innocence; and caused an illegal and unlawful voice identification procedure to be used at petitioner's trial. *Id.* at 478-79.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

The Court determined that the claim was essentially one for malicious prosecution. Because "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused" the Court held that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a § 1983 action must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 487. The Court went on to say that when a prisoner seeks damages in a § 1983 suit, the district court has to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction. If it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* On the other hand, if the court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed. *Id.*

The successful prosecution of Mr. Andrews' civil suit in this case will not imply or demonstrate the invalidity of his criminal conviction. Even presuming that Mr. Andrews was convicted of assaulting Trooper Zimmerman, a successful suit against Chester Williams does not mean that the conviction was in any way erroneous. Defendant simply ignores the fact that Trooper Zimmerman and Correctional Officer Williams are two entirely different people, and Mr. Andrews

was **not** convicted of assaulting Mr. Williams. Defendant does not offer any indication as to which element of assault he believes will be negated by a finding in Mr. Andrews' favor. Defendant simply states that "to rule in this case that Officer Williams violated [Andrews'] constitutional rights when he came to the aid of Trooper Zimmerman would have the effect of indirectly invalidating his conviction." Defendant does not explain how or why this is so. No element of the crime of Assault in the 4th Degree[1] against Trooper Zimmerman would be negated by a finding in favor of Mr. Andrews against Mr. Williams in this case.

It is well within the realm of possibility that Mr. Andrews could have been assaulted by Defendant either before or after Mr. Andrews' assault on Trooper Brad Zimmerman. In fact, if the Court were to accept Defendant's theory that a conviction of assault against one peace officer forecloses any sort of court action against another peace officer, this Court would be granting permission to any police officer to use any amount of force—even lethal force—with impunity when arresting a person for assaulting another police officer. Under Defendant's interpretation of *Heck*, Officer Williams would have been entitled to shoot Mr. Andrews on the spot, if Andrews had even scratched Trooper Zimmerman. That was certainly not the intent of the Supreme Court in *Heck v. Humphrey.* There is nothing in that opinion to indicate that

---

[1] AS 11.41.230. Assault in the Fourth Degree:

    (a) A person commits the crime of assault in the fourth degree if
        (1) that person recklessly causes physical injury to another person;
        (2) with criminal negligence that person causes physical injury to another person by means of a dangerous instrument; or
        (3) by words or other conduct that person recklessly places another person in fear of imminent physical injury.
    (b) Assault in the fourth degree is a class A misdemeanor.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

the Supreme Court intended to overrule the hoary legal principle that two wrongs do not make a right.

## Conclusion

Even if the facts as stated by Defendant in his Motion to Dismiss/Motion for Summary Judgment are true, Defendant has not shown that he is entitled to summary judgment as a matter of law. Defendant has failed to show that if he were to prevail in this action against Officer Williams, that an element of the crime of assault against Troopre Zimmerman would be negated. Defendant's motion to dismiss must therefore be DENIED.

Done this 4th day of January, 2006.

Disability Law Center of Alaska

/s/ Thomas A. Dosik

_____
Thomas A. Dosik
Supervising Attorney
ABA# 9505018
Attorney for Plaintiff.

I, Thomas A. Dosik, hereby certify that, on this 16th day of May, 2006, a true and correct copy of this document was served, via U.S. Mail, on:

Marilyn J. Kamm
Assistant Attorney General
Criminal Division Central Office
PO Box 110300
Juneau AK 99811

/s/ Thomas A. Dosik
_____
Thomas A. Dosik.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002    Fax 907-565-1000
1-800-478-1234