Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,          ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.      ) | |
| ) | |
| CHESTER LEE WILLIAMS,    ) | |
| ) | |
| Defendant.    ) | |
| _____ )   Case No. 3:05-cv-00212-JWS | |

**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff is in error when he states that even if the facts as stated by Defendant in his motion are true, that Sgt. Williams has not shown that he is entitled to summary judgment as a matter of law.  Plaintiff has failed to offer any evidence to counter Sgt. Williams' affidavit testimony that Andrews first struck Trooper Zimmerman in the right cheek with his right fist, knocking his glasses off and propelling him backwards.  *See* Affidavit of Sgt. Williams at docket 25.  Williams further averred that he then immediately grabbed Andrews by the upper body and with

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-00212-JWS
Page 1 of 5.

the assistance of Officer Talbert took the prisoner to the ground. He denied assaulting Andrews. *Id.*

Civil Rule 56(e) provides, in pertinent part, that, "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Plaintiff has failed to comply with Civil Rule 56(e). There is no genuine issue of fact regarding whether plaintiff was convicted of assaulting Trooper Zimmerman. Sgt. Williams has offered into evidence proof of Andrews' conviction. *See* docket 25, ex. A & B. Although plaintiff claims that, "It is well within the realm of possibility that Mr. Andrews could have been assaulted by Defendant either before or after Mr. Andrews' assault on Trooper Brad Zimmerman," there is no evidence that Andrews was assaulted at all. Plaintiff cannot rely upon the allegations of his complaint that Sgt. Williams assaulted him to defeat Sgt. Williams affidavit testimony.

In *Cunningham v. Gates*, 312 F.3d 1148 (9th Cir 2003) the Ninth Circuit affirmed the dismissal of plaintiff Cunningham's claims under Section 1983 alleging excessive force. In that case Cunningham and an accomplice committed a robbery and then engaged in a shoot-out with several policemen. Cunningham's accomplice died, and he was convicted of several crimes, including felony-murder. One of Cunningham's claims was that even if the police fired upon him and his accomplice

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-00212-JWS
Page 2 of 5.

only when provoked, that he should be allowed to proceed under the theory that the police used excessive force by responding to the provocation with the shotgun blasts and pistols shots. The court disagreed, finding that there was "no break" between Cunningham's provocative act of firing on the police and the police response that he claimed was excessive. The police response was a natural consequence of plaintiff's provocative act, and because the two were so closely interrelated, his conviction foreclosed his excessive force claim. *Id.*, at 952-953.

In *Truong v. Orange County Sheriff's Department*, 29 Cal.Rptr.3d 450 (California App. 2005) the California Court of Appeal relied upon *Cunningham, supra*, in affirming the dismissal of Truong's section 1983 claims based upon *Heck v. Humphrey*, 512 U.S. 477 (1994). Truong was arrested for shoplifting and booked into the Orange County jail. She was taken to the shower room and ordered to disrobe and shower with the other inmates. She balked at disrobing, but was again ordered to disrobe and shower. She claimed she then tried to comply but that four deputies assaulted her as they disrobed her.

The defendant sheriff's office moved to dismiss her claims based upon *Heck v. Humphrey, supra*. Truong had been convicted of three counts of shoplifting and, in a separate action, agreed to a plea bargain wherein she pled guilty to one count of resisting arrest, and the counts of assault on a custodial officer and battery for the jail incident were dismissed. The appellate court agreed that the alleged assault occurred within the temporal scope of her refusal to comply with the deputies' orders.

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-00212-JWS
Page 3 of 5.

> …A chain of events began when Truong refused the lawful order that did not end until she was disrobed. This was not a case where the acts alleged to be violations of the plaintiff's civil rights occurred hours, or even minutes, after the act which led to the plaintiff's conviction; the acts occurred mere moments later. Asserting that the crime was somehow over because the plaintiff changed her mind and started to remove her sweater is temporal hair-splitting, and would place deputies in untenable situations, where they are required to guess the mind-set of the arrestee. We agree with the trial court that Truong's refusal to obey the lawful order and the events that led to her injuries are part of an unbreakable chain of events. Therefore, the limit set forth in *Heck* applies here, and Truong's civil rights claim cannot be maintained.

*Troung*, at 454-455.

Troung also analogized her case to Rosa Parks and argued that following *Heck* gave "*carte blanche* to beat to a bloody pulp, with financial impunity, any arrestee, provided they obtained a conviction for the conduct which preceded the beating." The court rejected the analogy as "pure hyperbole." Id., at 455.

> *Heck* limits a narrow class of civil rights actions when allowing the action to proceed would necessarily challenge the legitimacy of the undisturbed conviction. It applies only in cases where the plaintiff has been convicted of conduct relating to the arrest, such as refusing a lawful order or resisting arrest. Asserting that Truong was somehow analogous to Rose Parks is both factually inaccurate and diminishes the legacy of those who risked themselves to fight for civil rights in this country. It does not impress this court.

*Troung*, at 455.

In the present case plaintiff Andrews assault upon Trooper Zimmerman was immediately followed by the response of Sgt. Williams. There was no break between the assault and the response. Sgt. Williams' response was a natural consequence of plaintiff's assault on an Alaska State Trooper. Because the two were

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-00212-JWS
Page 4 of 5.

so closely interrelated, Andrews' conviction forecloses this lawsuit. *See Cunningham v. Gates, supra; Truong v. Orange County Sheriff's Department, supra.*

Sgt. Williams respectfully requests that this court enter its order of summary judgment in his favor.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on May 25, 2006, a copy of the foregoing Document was served electronically on Thomas Dosik, Disability Law Center, 3330 Arctic Blvd., Suite 103, Anchorage, Ak  99503

By:
s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-00212-JWS
Page 5 of 5.