UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,<br><br>  Plaintiff,<br><br>vs.<br><br>CHESTER LEE WILLIAMS,<br><br>  Defendant. | 3:05-cv-212 JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re:  Motion at Docket 25] |

## I.  MOTION PRESENTED

At docket 25, Chester Lee Williams moves for summary judgment on Peter Lee Andrews's complaint.[1]  Andrews has filed an opposition at docket 43, and Williams has filed a reply at docket 45.  Oral argument has not been requested and would not assist the court.

## II. BACKGROUND

Andrews was convicted by a jury in Alaska state court of assault in the fourth degree on Trooper Zimmerman.  During the altercation between Andrews and Zimmerman, Williams came to Zimmerman's aid and subdued Andrews.  Andrews filed a complaint against Williams in this court under 42 U.S.C. § 1983, alleging Williams violated his right to be free from cruel and unusual punishment.  Williams moves for

---

[1]The motion originally was filed as a motion to dismiss, but the court announced at a status conference on May 4, 2006, that it would treat the motion as one for summary judgment.

summary judgment on the ground that Andrews cannot state a claim for relief under Section 1983 because his conviction for assault has not been reversed.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine dispute about material facts and when the moving party is entitled to judgment as a matter of law.  The moving party has the burden to show that material facts are not genuinely disputed.[2]  To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[3]  Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[4]  The court must view this evidence in the light most favorable to the nonmoving party, must not assess its credibility, and must draw all justifiable inferences from it in favor of the nonmoving party.[5]

### IV.  DISCUSSION

Because Andrews's conviction for assault has not been reversed, he may not pursue a claim under Section 1983 if it is based on "theories that 'necessarily imply the invalidity of his conviction.'"[6]  A theory would do that if it seeks to "negate[ ] 'an element of the offense of which [Andrews] has been convicted.'"[7]  One example of how to apply this standard is the Ninth Circuit's decision in *Cunningham v. Gates*, a Section 1983 action in which the plaintiff previously had been convicted by a jury of a criminal offense.

---

[2]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[3]*Id.* at 325.

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[5]*Id.* at 255; *Soldano v. United States*, – F.3d – , 2006 WL 1897081 (9th Cir. 2006) (quoting *Olson v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)).

[6]*Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

[7]*Id.* at 1154 (quoting *Heck*, 512 U.S. at 487 n.6).

The circuit court compared the elements of the criminal offense to the theories the plaintiff advanced in his Section 1983 action.[8] Then, it concluded the civil action was barred because the theories on which it relied required findings contrary to those made by the jury in the plaintiff's criminal trial about the elements of the offense.[9]

Although he cites *Gates*, Williams does not compare the theories advanced in Andrews's Section 1983 action to the elements of the offense of which Andrews was convicted. Williams simply argues "[t]o rule in this case that Officer Williams violated [Andrews's] constitutional rights would have the effect of indirectly invalidating [Andrews's] conviction" of assaulting Zimmerman,[10] but does not explain why. His failure to do that means he has not met his burden of showing he is entitled to judgment as a matter of law.

Instead of following the analysis propounded in *Gates*, Williams seizes on and misuses language from that case. Williams argues his response was a "natural consequence" of Andrews's assault on Zimmerman and thus that Andrews's conviction of assaulting Zimmerman bars Andrews's Section 1983 action against him.[11] His argument quotes from the following paragraph in *Gates*:

> [T]here was no break between [the Section 1983 plaintiff's] provocative act of firing on the police and the police response that he claims was excessive. **Indeed, in convicting [the plaintiff] of felony murder, the jury [in his criminal trial] concluded that the police response was a natural consequence of [the plaintiff's] provocative act.** Because the two are so closely interrelated, [the plaintiff's] conviction forecloses his excessive force claim.[12]

Williams's contention ignores the critical fact that the conclusion that the police response was a "natural consequence" of the plaintiff's act was made by the jury in his

---

[8] *Id.* at 1154-55.

[9] *Id.*

[10] Doc. 25, p. 5.

[11] Doc. 45, pp. 4-5.

[12] 312 F.3d at 1155 (emphasis added).

criminal case. Here, there is no suggestion the jury in Andrews's criminal trial reached any conclusions about Williams's response, let alone that it was a natural consequence of Andrews's assault on Zimmerman. Therefore, there is no reason to believe a finding in this case relating to Williams's response will undercut the jury's decision in Andrews's criminal trial.

Besides his argument deriving from *Gates*, in his reply Williams advances an argument concerning his affidavit attached to his summary judgment motion. In his affidavit, he declared he did not "assault" Andrews.[13] In his reply, he points out, correctly, that Andrews has not offered evidence creating a genuine issue about whether he *did* assault Andrews.[14] That fact no doubt is material to Andrews's claim, but Andrews was under no obligation to offer evidence creating a genuine issue about it because Williams did not articulate an argument based on it in his summary judgment motion. Williams cannot craft an argument relying on that fact for the first time in his reply.

## V.  CONCLUSION

For the reasons set out above, the motion at docket 25 is **DENIED**.

DATED at Anchorage, Alaska, this 28th day of July 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[13]Doc. 25, affidavit of Williams, p. 2. ¶ 4.

[14]Doc. 45, pp. 1-2.