Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811
(907) 465-3428
FAX: (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHESTER LEE WILLIAMS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Case No. 3:05-CV-212 JWS |

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION OF REMEDIES

Comes now defendant, Sgt. Chester Williams, by and through his attorney of record, Marilyn J. Kamm, Assistant Attorney General, and hereby moves this court for an order of summary judgment because plaintiff has failed to exhaust his administrative remedies. This motion is supported by the affidavits of Sgt. Bruning and Lt. Maccagno.

Motion & Memorandum in Support of Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 1 of 7.

FACTS

In his amended complaint plaintiff claims that he was assaulted by defendant Sgt. Williams on May 14, 2004. Plaintiff claims that Sgt. Williams took him to the ground by grabbing his upper body, and then unnecessarily hit him in the ribs, causing serious physical harm. Plaintiff also claims that Sgt. Williams took his glasses and that they have not been returned to him. *See* docket 42, Amended Complaint, p. 2.

Plaintiff claims that he filed grievance 9448 (exhibit C, p. 1) on November 16, 2004. *Id.* That grievance pertains to his lost glasses. He claims he filed grievance appeal 8919 (exhibit B, p. 1) after denial of that grievance. He claims that his appeal was denied on May 17, 2005. *Id.* That grievance pertains to his lost glasses and other property.

On June 30, 2005, plaintiff filed grievance 11212 while he was at Spring Creek Correctional Center. Exhibit D, p. 1. In that grievance he claimed that he sent a cop-out to Sgt. Williams about the correctional officers in the area where he was taken to the floor on May 14, 2004. He claimed a trooper saw correctional officers punching him in the ribs. The grievance was screened out by the Standards Sergeant, Sgt. Bruning. Exhibit D, p. 2. Sgt. Bruning noted that the grievance was not filed within 30 days of the event, and that it was factually incredible or clearly devoid of merit. Sgt. Bruning added, "You claim that this incident happened on 14 May 05 (sic), you have 30 days from the date of the incident to file a grievance. Since it has been

Motion & Memorandum in Support of Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 2 of 7.

more that (sic) a year since this incident happened you have well exceeded the time limit." *Id.*

The Grievance Screening Form gave information about appealing from the screening decision.

> If you have evidence to show that this screening decision is incorrect or improper, you may appeal the decision to the Superintendent in writing. The appeal must be attached to your grievance and to this screening form.

Exhibit D, p. 2.

The form also advised that the Screening Appeal was due July 1st at 6 am. Exhibit D, p. 2. Plaintiff did not appeal from the screening decision. See Affidavit of Sgt. Bruning.

## STANDARDS FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> In deciding a motion for summary judgment the court views the evidence and the inferences therefrom in the light most favorable to the non-moving party. *Levin v Knight*, 780 F.2d 786, 787 (9th Cir. 1986). Three United States Supreme Court cases have clarified what a non-moving party must do to withstand a summary judgment motion. As explained by the Ninth Circuit in *California Architectural Building Products, Inc. v Franciscan Ceramics, Inc.*, 818 F. 2d 1466, 1468 (9th Cir. 1987):

Motion & Memorandum in Support of Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 3 of 7.

> First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, [477 U.S. 317], 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, [477 U.S. 242], 105 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)(emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).

## ARGUMENT

**I.   PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

    **A.   The PLRA Requires Exhaustion**

Plaintiff's complaint is barred by his failure to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 provides that prisoners may not file suit under 42 U.S.C. § 1983 until they have exhausted their remedies.

> (a)   APPLICABILITY OF ADMINISTRATIVE REMEDIES. No action shall be brought with respect to prison conditions under . . . (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

Motion & Memorandum in Support of Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 4 of 7.

This court has dismissed several cases and claims pursuant to the amended statute. *See, e.g., Thomas v. Kincheloe, et al.*, Case A96-310 CIV (HRH); *Richards v. Greathouse et al*, Case. A05-0004 CIV (TMB).

The grievance procedures are set out in the State of Alaska, Department of Corrections, Policy and Procedure #808.03. Exhibit A. An inmate must first try to resolve an issue informally. If he cannot do so, he may then file a grievance. *Id.,* p. 3. The inmate places the grievance in a locked box. The grievance coordinator records the grievance and its subject matter. He assigns a number to it. He then screens it to determine if it complies with grievance requirements. *Id.*, pp. 3-4. If he screens it out, the inmate may appeal to the superintendent. *Id,* p. 4..

If the grievance is not screened out, the coordinator assigns either himself or another staff member to investigate it. *Id,* p. 4. However, if the grievance alleges staff misconduct, he must record it and forward it directly to the superintendent. *Id.*, p. 5. The superintendent shall give a written decision to the prisoner through the grievance coordinator within five days after receiving the investigator's findings. *Id.*, p. 5.

There is an appeal process. *Id.*, p. 5. An inmate may appeal a superintendent's or deputy director's decision. He must complete and file a grievance appeal statement form with the grievance coordinator within two working days after receiving the decision from which he is appealing. The grievance coordinator records

Motion & Memorandum in Support of Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 5 of 7.

the appeal and sends it to the deputy director, or, in the case of an appeal from the deputy director's decision, to the director. *Id.*, p. 5.

The deputy director/director responds to the prisoner in writing through the grievance coordinator within 15 working days after receiving the original decision. If a response is not received by the prisoner within 15 days, the appeal is considered denied. *Id.,* p. 5. However, a late response granting the appeal is valid. The deputy director/director files a copy of the prisoner's appeal and the written response with the grievance and compliance administrator. *Id.,* p. 5.

In the present case inmate Peter Andrews failed to exhaust his administrative remedies. Andrews was required to fully exhaust his claim regarding the alleged assault by Sgt. Williams. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). He filed his grievance more than 30 days after the date of the incident. It was screened out. Although he was afforded the opportunity to appeal from that decision, he did not appeal. Andrews failed to exhaust his administrative remedies by failing to timely file his grievance and by failing to appeal from the decision screening it out. *Woodford v. Ngo,* 126 S.Ct. 2378 (2006).

Defendant respectfully requests that this court grant his motion for summary judgment

Dated this 26th day of September, 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Motion & Memorandum in Support of Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 6 of 7.

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on September ___, 2006, I caused the foregoing
To be served electronically on plaintiff's attorney:

Mr. Tom Dosik
Disability Law Firm
3330 Arctic Blvd. Suite 103
Anchorage, AK  99503

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Motion & Memorandum in Support of Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 7 of 7.