# STATE OF ALASKA

## DEPARTMENT OF LAW
### CRIMINAL DIVISION

**FRANK H. MURKOWSKI,**
**GOVERNOR**

| | |
|---|---|
| *Mailing:* | PO Box 110300<br>Juneau, AK 99811-0300 |
| *Delivery:* | 123 4th Street, Ste 717<br>Juneau, AK 99801 |
| *Phone:* | (907) 465-3428 |
| *Fax:* | (907) 465-4043 |

February 2, 2006

Thomas A. Dosik
Disability Law Center of Alaska
3330 Arctic Blvd.
Anchorage, AK 99508

Re: *Andrews v. Williams*, Case A05-212 CV (JWS)      Via Fax Only

Dear Mr. Dosik:

I received your faxed letter yesterday advising me that on Wednesday, February 1, 2006, you filed a request with the Court requesting clarification on how you should proceed in this matter. However, I did not receive a faxed copy of the request you filed. I trust that you have served me with a copy of it by mail. I disagree with your claim that my exhibits are improperly authenticated.

On Wednesday, February 1, 2006, I received another faxed letter from you advising me that you would contact the court unless I took some corrective action on Wednesday before the close of business. You did not explain in your letter yesterday why you decided not to honor your Wednesday statement to me. You admitted that you contacted the court prior to receiving my response to your letter.

Please rest assured that I know the difference between Rule 12 motions and Rule 56 motions. If a party disagrees with any claim in his opponent's motion the usual procedure is to state that disagreement in the opposition to the motion. In my letter to you on Wednesday I advised you that you could note my concession in your opposition to my motion to dismiss that I had erred in characterizing the motion as a motion to dismiss. I stated that if you wanted me to do so I would include the summary judgment standards in my reply. I included those standards in my letter because I would have expected you to provide the court with those standards in your opposition. I offered to include them in my reply because I did not want you to have to spend your time incorporating them into your opposition since I conceded my error. I was not questioning your knowledge of those standards.

What I don't understand is the tone of your letters to me and your repeated threats of sanctions. In my experience if there is a disagreement between the parties about the proper procedure or substantive law the court will address it in its decision after it has considered the motion, opposition and reply.



EXHIBIT _E_
PAGE _1_ OF _2_

Mr. Thomas Dosik                                                    January 31, 2006
                                                                              Page 2.

Finally, I would like to know why the Disability Law Center is representing Peter Andrews in this case. To my knowledge there is no disability issue in this lawsuit. Is the Disability Law Center authorized to represent a client who has no disability? Is the Disability Law Center authorized to represent a disabled client in litigation that does not involve his disability? Where can I find information about the scope of services offered by the Disability Law Center?

It is my hope that we can litigate this case on its merits and avoid any unnecessary motions. I have not violated Rule 11 and you have no grounds upon which to move for sanctions. You are already on notice that I intend to request full attorneys fees because your client's lawsuit is frivolous. Any unnecessary litigation merely serves to increase the award of attorneys fees to the State.

Sincerely,

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By _Marilyn J Kamm_
Marilyn J. Kamm
Assistant Attorney General