Holly J. Johanknecht, Esq.
Disability Law Center of Alaska
3330 Arctic Blvd, Suite 103
Anchorage, AK 99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
E-Mail: hollyj@dlcak.org
AK Bar No. 0511103
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| PETER LEE ANDREWS, | ) |
| Plaintiff | ) |
| | ) Case No. 3:05-cv-212 JWS |
| v. | ) |
| CHESTER LEE WILLIAMS, | ) |
| Defendant | ) **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

Defendants filed a Motion of Summary Judgment asserting that plaintiff failed to exhaust administrative remedies prior to bringing this suit. The court should give Plaintiff leave to take his case back to the prison administrative process allowing him an opportunity to exhaust administrative remedies.

**FACTS**

Following a physical altercation between Plaintiff and Defendant Williams at Cook Inlet Pretrial Facility (Cook Inlet), Mr. Andrew's prescription eyeglasses were taken from him and never returned. Plaintiff filed a grievance concerning the lost glasses.[1] When that grievance was

---

[1] Docket No. 47 (Exhibit C of Defendant's Motion for Summary Judgment).

denied, he appealed the decision.[2] Mr. Andrew's appeal was also denied. Following this denial, Plaintiff was transferred to Spring Creek Correctional Facility (Spring Creek).

While an inmate at Spring Creek, Mr. Andrews filed another grievance concerning his lost eyeglasses. This grievance was "screened out" by Spring Creek staff.[3] The stated reason for the grievance's screening out is "The grievance was not filed within 30 days" and "The grievance is factually incredible or clearly devoid of merit."[4] Plaintiff was notified that he had until July 1st to appeal the screening decision.[5] Plaintiff did not appeal the decision.

## ARGUMENT

Defendant has filed a Motion for Summary Judgment for failure to exhaust administrative remedies. A Motion for Summary Judgment is not the appropriate vehicle for such a claim. "Failure to exhaust nonjudicial remedies is a matter in abatement, not going to the merits of the claim, and as such is not properly raised in a motion for summary judgment."[6] The court in *Ritza* stated, "Rather, failure to exhaust nonjudicial remedies should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Id.* Mr. Andrews will assume that the Court will treat Defendant's Motion for Summary Judgment as a Motion Dismiss.[7]

As previously recognized by the Court, Mr. Andrews is mentally challenged.[8] Due to this disability, Mr. Andrews was permitted to obtain a volunteer attorney to represent him in this case.[9] However, Mr. Andrews had no assistance when he attempted to resolve his grievance through the prison administrative system. Mr. Andrews made several attempts to fully exhaust available administrative remedies. For every grievance or appeal he filed he was denied.

---

[2] Docket No. 47 (Exhibit B of Defendant's Motion for Summary Judgment).
[3] Docket No. 47 (Exhibit D of Defendant's Motion for Summary Judgment).
[4] Docket No. 47 (Exhibit D Page 2 of Defendant's Motion for Summary Judgment).
[5] Docket No. 47 (Exhibit D Page 2 of Defendant's Motion for Summary Judgment).
[6] *Ritza v. Longeshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988).
[7] Therefore there is no need to discuss the standard for summary judgment.
[8] Docket No. 7 and Docket No. 14.
[9] Docket No. 14.

Mr. Andrews has met two of three of the requirements outlined in the Alaska State Department of Corrections Policies and Procedures regarding prisoner grievances.[10] Level One is filing a grievance, which there is no argument Plaintiff did. Level Two is an appeal of the denial of the grievance, which again, there is no argument that Mr. Andrews satisfied this requirement. The third and final level is Review by Grievance and Compliance Administrator. Mr. Andrews did not complete this level of the administrative process.

In addition to Mr. Andrews' disability, his transfer from Cook Inlet, where the incident occurred, to Spring Creek complicated the grievance process, particularly since all of the events took place at Cook Inlet and presumably the witnesses are at Cook Inlet as well. While incarcerated in Spring Creek, Mr. Andrews made several attempts to resolve his grievance with Defendant Williams, but was frustrated by prison rules regarding prisoner use of the fax machine and appropriately addressing the mail.[11]

Mr. Andrews is legally blind without his glasses.[12] Following the loss of his eyeglasses, Mr. Andrews has had significant difficulty seeing, and has suffered double vision and headaches.[13] The Eighth Amendment of the United States Constitution requires that inmates be provided adequate medical care.[14] Mr. Andrews' inability fully exhaust his administrative remedies should not excuse that requirement.

The property at issue is relatively inexpensive, but of such great importance to Mr. Andrews' basic standard of living. Completely denying him any avenue by which he can recover the property because of a procedural defect is patently unfair. The Court should permit Mr.

---

[10] Docket No. 47, Exhibit A to Defendant's Motion for Summary Judgment.
[11] Docket No. 11, Exhibits to Plaintiff's First Amended Complaint, Pages 11 – 19.
[12] Docket No. 2, Page 8.
[13] Docket No. 42, Page 2.
[14] *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290 (1976, see also *Helling v. McKinney* 509 U.S. 25, 32, 113 S. Ct. 2475, 2480 (1993), *Hoptowit v. McKinney*, 682 F.2d 1237, 1246 (9th Cir. 1982).

Andrews to go back through the prison's grievance procedure and complete the final step of that process, Review of by the Grievance and Compliance Administrator.

## CONCLUSION

Given Plaintiff's disability, and the important nature of the property at issue, it would be unfair to deny Plaintiff all opportunities to recover his much-needed eyeglasses. The Court should deny Defendant's Motion for Summary Judgment and give leave for Plaintiff to return to the prison grievance process and complete the final step in the process, a Review by the Grievances and Compliance Administrator.

Dated in Anchorage, Alaska, this 5th day of January, 2007

/s Holly J. Johanknecht
Holly J. Johanknecht
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: hollyj@dlcak.org
Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 5th day of January 2007, a copy of this document was served electronically on:

Marilyn Kamm
Office of the Attorney General
marilyn_kamm@law.state.ak.us

/s Holly J. Johanknecht
Holly J. Johanknecht