Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,         )<br>                                                )<br>            Plaintiff,              )<br>                                                )<br>    vs.                                         )<br>                                                )<br>CHESTER LEE WILLIAMS,  )<br>                                                )<br>            Defendant.            )<br>_____ ) | Case No. 3:05-CV-212-JWS |

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed a mixed Section 1983 action with exhausted and unexhausted claims.  His claim regarding his eyeglasses is properly exhausted; his claim that he was assaulted is not.  The proper disposition of mixed complaints depends upon whether the claims are intertwined.  When a plaintiff has filed a mixed complaint and wishes to proceed with only the exhausted claims, the court should simply dismiss the unexhausted claims when the unexhausted claims are not intertwined with the properly exhausted claims.  On the other hand, when a plaintiff's mixed complaint includes exhausted and unexhausted claims that are closely related and difficult to untangle,

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 1 of 4.

dismissal of the defective complaint with leave to amend to allege only fully exhausted claims is the proper approach.  *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Plaintiff has cited no authority to support his request that this court enter its Order granting leave to him to continue to pursue his administrative remedies before the Department of Corrections, nor has he cited any evidence that his alleged mental incapacity prevented him from timely filing a grievance about the alleged assault.  In *Woodford v. Ngo*, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) the Supreme Court noted:

> …Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Woodford v. Ngo*, 126 S.Ct. at 2386.

Ngo was an inmate who was placed in administrative segregation for two months after engaging in inappropriate activity in the prison chapel.  When he was returned to the general population he was prohibited from participating in special programs, including a variety of religious activities.  Approximately six months after that restriction was imposed, he filed a grievance with prison official challenging that action.  That grievance was rejected as untimely because it was not filed within 15 working days of the action being challenged.  The District Court granted the motion to dismiss for failure to exhaust administrative remedies, but the Ninth Circuit Court of Appeal reversed.  The Supreme Court reversed the Ninth Circuit decision, ruling that the Prison Litigation Reform Action requires proper exhaustion of administrative remedies.

In the present case Andrews failed to appeal from the screening out of his assault grievance for untimeliness.  He was required to file it within 30 days of his alleged

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 2 of 4.

assault.  Pursuant to *Woodford v. Ngo, supra*, his Eighth Amendment claims regarding the assault should be dismissed with prejudice.

Plaintiff has an additional claim for relief regarding his eyeglasses and has fully exhausted his administrative remedies regarding that claim.  However, it should be noted that his claim for lost property is not the proper subject of a civil rights action and defendant will file a motion to dismiss regarding that claim pursuant to *Parratt v. Taylor*, 451 U.S. 527, 543 (1981).  It should also be noted that plaintiff has obtained another pair of eyeglasses since filing his complaint.

Dated this 9th day of January, 2007, at Juneau, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on January 9, 2007, I caused the foregoing
To be served electronically on plaintiff's attorney:

Ms. Holly Johanknect
Disability Law Firm
3330 Arctic Blvd. Suite 103
Anchorage, AK  99503

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 3 of 4.

Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 4 of 4.