Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,        ) | |
|                            ) | |
|        Plaintiff,         ) | |
|                            ) | |
|    vs.                    ) | |
|                            ) | |
| CHESTER LEE WILLIAMS,      ) | |
|                            ) | |
|        Defendant.         ) | |
| _____ ) | Case No. 3:05-cv-212-JWS |

MOTION TO DISMISS LOST PROPERTY CLAIM

Comes now defendant Sgt. Williams, by and through his attorney of record, Marilyn J. Kamm, Assistant Attorney General, and hereby moves to dismiss plaintiff's claim for lost property.  This motion is supported by the memorandum of law, *infra.*

FACTS

This is a civil rights action filed pursuant to 42 U.S.C. Section 1983. In his amended complaint plaintiff claims that he was assaulted by Sgt. Williams and that Sgt. Williams was responsible for the loss of his eyeglasses.

> Sgt. Williams took my Nike Flex prescription eye glasses and place them on Cook Inlet pretrial counter. … David Earl Talbert also witness later. My eye prescription glasses were missing.

Docket 15, p. 3.

Andrews filed several grievances pertaining to these glasses. He wrote:

> On May 14, 2004 Sgt. Williams lost my Nike flex eye prescription glasses…I ask DOC replace my 300 dollar Nikey flex glasses that a D.O.C. officer lost.

Docket 47, Ex. B, p. 3.

> On May 14, 2004 Sgt. Williams lost my glasses. I ask Officer Trout to find them, which is a eye witness who seen Sgt. Williams put my glasses on the counter. Officer Trout said "I look every and can not find them." On 10-14-04 I put in a lost property form. … Sgt. Williams lost my glasses at Cook Inlet Pretrial Department of Corrections.

Docket 47, Ex. C, p. 1.

> On May 14, 2004, Sgt. Chester Lee Williams lost my glasses.

Docket 47, Ex. C, p. 3.

Plaintiff has failed to exhaust his administrative remedies regarding the alleged assault and it is the subject of the Motion for Summary Judgment at docket 47. This motion is directed to the lost property claim.

The State of Alaska has adopted a Torts Claim Act. AS 9.50.250. In addition, the Department of Corrections has adopted Policy and Procedure 811.05 that provides for reimbursement to prisoners for lost or damaged property. Exhibit A.

### STANDARD FOR GRANTING DISMISSAL

Rule 12(b)(6) of the Federal Rules of Civil Procedure affords a threshold challenge to the adequacy of a complaint. It addresses exclusively the legal sufficiency of an asserted claim(s). *Neitzke v. Williams*, 490 U.S. 319, 320 (1989). Under this rule the court must accept the facts pleaded as true and determine whether they state a claim upon which relief can be granted. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief. *Hishor v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Hughes v. Roe*, 449 U.S. 5, 10 (1980). To that end, the complaint is construed liberally in the plaintiff's favor, and plaintiff is granted the benefit of all inferences that can be derived from the facts alleged. *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). The court need not accept the inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions stated in the form of factual allegations. *Koval v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A complaint may be dismissed if supported only by vague and conclusory allegations. *Northington v. Jackson*, 973 F.2d 1518 (10th Cir. 1992).

### ARGUMENT

PLAINTIFF HAS FAILED TO ALLEGE A CLAIM FOR RELIEF
UNDER 42 USC SECTION 1983

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) the Supreme Court reversed the order of summary judgment for the inmate. He filed suit under Section 1983 against prison officials to recover the value of hobby materials that were lost when the normal procedure for receipt of mail packages was not followed. In so ruling the court stated:

> Application of the principles recited above to this case leads us to conclude the respondent has not alleged a violation of the Due Process Clause of the Fourteenth Amendment. Although he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a predeprivation hearing. Moreover, the State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation. The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State… Thorough this tort claims procedure the State hears and pays claims of prisoners housed in its penal institutions. This procedure was in existence at the time of the loss here in question but respondent did not use it….The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.

*Parratt v. Taylor*, 451 U.S. at 543-544.

In the present case the plaintiff has failed to allege a civil rights claim. The State of Alaska has adopted the Tort Claims Act. In addition, the Department of Corrections has adopted procedures for reimbursement for lost or damaged property. His claim regarding his lost glasses should be dismissed.

Dated this 10th day of January, 2007, at Juneau, Alaska.

        TALIS J. COLBERG
        ATTORNEY GENERAL

        By: s/Marilyn J. Kamm, ABA 7911105
        State of Alaska
        Department of Law
        Criminal Division Central Office
        PO Box 110300
        Juneau, AK  99811
        Phone: (907) 465-3428
        Fax: (907) 465-4043
        Marilyn_Kamm@law.state.ak.us

I certify that on January 10, 2007, I caused the foregoing
To be served electronically on plaintiff's attorney:

Ms. Holly Johanknect
Disability Law Firm
3330 Arctic Blvd. Suite 103
Anchorage, AK  99503

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us