

| State of Alaska<br>Department of Corrections<br>Policies and Procedures | Index #: | 811.05 | Page 1 of 10 |
|---|---|---|---|
| | Effective: | | Reviewed: |
| | Distribution: | | Due for Rev: |
| **Chapter:** Reception and Orientation | | | |
| **Subject:** Prisoner Personal Property | | | |

Authority

In accordance with AS 44.28.030, AS 33.30.030, and 22 AAC 05.155, the Department of Corrections shall develop and adopt policies and procedures that are consistent with laws for the guidance, government and administration of correctional facilities, programs and field services.

References:

*Alaska Statutes:*
12.25.140   Property taken from defendant on arrest
33.30.021   Regulations
44.28.030   Regulations
33.30.251   Disposal of abandoned personal property
44.28.030   Disposal of abandoned personal property
*Cleary* Final Settlement Agreement, 3AN-81-5274 CIV, September 1990
*Alaska Administrative Code:*
22 AAC 05.035   Storage and Disposal of Personal Property
*Standards for Adult Correctional Institutions*, 1990
Standards: 2-4149, 2-4392, 2-4393, 2-4394 and 2-4486
*Standards for Adult Local Detention Facilities*, 1990
Standards: 2-5132, 2-5349, 2-5350 and 2-5351
*Foundation/Core Standards for Adult Correctional Institutions*, 1990
Standards: C2-4211, C2-4212, C2-4213 and C2-4067
*Foundation/Core Standards for Adult Local Detention Facilities*, 1990
Standards: FC2-5074, C2-5100, C2-5239 and C2-5240
*Standards for Small Jail Facilities*, 1990
Standards: SJ187, SJ189, SJ190

History

Policy 811.05 was rewritten to place the department in compliance with ACA standards, the *Cleary* Final Settlement Agreement, and also to address concerns expressed by the Ombudsman's Office in Complaint No. A88-0935. This policy updates and defines an operational difference between a jail and a prison as it relates to property.

Purpose

To establish the amount and type of personal property maintained in a prisoner's possession; the volume of property institutions will maintain in secure storage; and to describe procedures for the safekeeping, storage, access to and disposal of prisoner personal property.

Application

To all institutional employees and prisoners.

Definitions

As used in this document, the following definitions shall apply:



EXHIBIT A
PAGE 1 OF 11

| Subject: Prisoner Personal Property | Index #: 811.05 | Page: 2 of 10 |
|---|---|---|

A. Contraband:
   Items not authorized for receipt, retention, or use in an institution.

B. Personal Property:
   A prisoner's property authorized for retention, including hobby craft items, in possession or facility storage during the period of incarceration.

C. Property Storage Container:
   A box, drawer, closet, locker, etc., provided by the facility for prisoner personal property storage. The container will provide at least the cubic inches available in a 10.5" x 12" x 15" box.

D. Property Transfer Box:
   A cardboard box with a detachable lid measuring 10.5" x 12" x 15" inches.

E. Jail:
   A facility or component of a facility normally used for the holding or detention of persons facing criminal charges, pending probation or parole revocation, convicted of misdemeanor crimes, and persons remanded according to AS 47.30.700 (mental health) or AS 47.37.170 (intoxicated).

F. Prison:
   An institution or component of an institution, normally used for the confinement of sentenced felons.

G. Dual Function Institution:
   An institution whose functions include those associated with both a jail and a prison (i.e., AMCC, YKCC, LCCC, FCC, KCC). Those institutions which have designated living units for long-term sentenced prisoners, provided space is available, will allow these individuals to possess property prescribed for prison facilities (form 20-811.05E).

H. Standardized Personal Property List - Jail/Dual Function Institution:
   List of the basic items authorized for prisoner retention (barring individualized security assessment) in any jail or dual function institution which does not have designated living units for long-term sentenced prisoners.

I. Standardized Personal Property List - Prison Facility:
   List of the basic items authorized for prisoner retention in every sentenced program facility. There may be exceptions in some institutions based upon a prisoner's custody level or status, housing configuration, and space requirements, for specific items such as T.V.'s, radio's, etc.

J. Working Day:
   8:00 a.m. through 5:00 p.m. Monday through Friday excluding any State recognized holiday.

K. Transient Status:
   The status of a prisoner in transit being held temporarily at an interim institution pending actual placement at a designated facility.

Policy

The provisions of this policy shall be strictly followed, including type, quantity, size, and methods of acquisition of prisoner personal property. Superintendents shall develop standard operating procedures (SOP's) for the access, inventory, and disbursement of prisoner personal property. Exceptions to this policy MAY ONLY be granted by the Director of Institutions. Prisoners will have 90 days from the date of this policy to make arrangements for the disposal of items not



EXHIBIT A
PAGE 2 OF 11

| Subject: Prisoner Personal Property | Index #: 811.05 | Page: 3 of 10 |
|---|---|---|

authorized by this policy. Unauthorized personal property found after this period will be considered contraband and disposed of in accordance with established procedures.

A. The department will allow personal property in the types and amounts reasonably necessary for the comfort and convenience of prisoners, while ensuring that institutional order and security are not compromised.

B. Each prisoner, upon admission to an institution, shall be advised in writing of the personal property items permitted or allowed for retention. Unsentenced prisoners who are temporarily housed in a prison due to overcrowding, protective custody, medical, etc., will be authorized personal property as if they were in a jail.

C. A receipt shall be given each prisoner for the following:
   1. All personal property items authorized for retention;
   2. Any personal property seized as contraband or not authorized for retention; and
   3. All personal property accepted for storage.
   A copy of each receipt is to be placed in the prisoner's case record.

D. Superintendents are authorized, when space and funds are available, to make provisions for prisoner personal storage facilities in housing units such as wall lockers, drawers, foot lockers, or other suitable storage facilities approved by the State Fire Marshal's office.

E. Prisoners will not be allowed to transfer ownership or possession of property from one prisoner to another. Property transferred in violation of this policy shall be deemed contraband and will be confiscated and disposed of in accordance with established procedures.

Procedures

A. Property Inventory

All prisoners remanded to the custody of the department shall be booked in accordance with policy 811.02, Booking. During the booking process, inventory of all the prisoner's clothing and property must be accomplished in the following manner:

1. Any property or funds taken into institutional custody will be inventoried immediately to:
   a. accurately establish the property inventory list;
   b. determine what items are authorized for retention by the prisoner;
   c. determine what property is acceptable for storage; and
   d. take necessary steps to dispose of unauthorized property.

2. The prisoner shall sign an itemized receipt, or a receipt must be signed by admitting staff should a prisoner be unable or unwilling to sign, and the prisoner shall be provided a copy of the inventory receipt.

3. All jewelry in possession of the prisoner at the time of booking must be photocopied:
   a. Jewelry not allowed to be kept in prisoner's possession must be placed in the property container, or a locked unit such as a safe, and recorded in the Safe Log according to Policy 803.11, Permanent Records Logs.
   Authorized jewelry items which do not exceed the value limit of $100.00 include:
   (1) A wedding band that must be of plain metal or other material such as ivory, with no gemstone or imitation gemstones.
   (2) No more than two (2) religious necklaces constructed from plain metal, beads, string or braided material, with no gemstones or imitation gemstones.



EXHIBIT A
PAGE 3 OF 11

| Subject: Prisoner Personal Property | Index #: 811.05 | Page: 4 of 10 |
|---|---|---|

    Necklace(s) must have apparent religious significance, such as attached crucifix, star of David, etc. The attached emblem may not exceed two inches in length, diameter, depth, or width.

   (3) Prisoners will be allowed to possess a medicine bag (size: 2.5 inches long and 2.5 inches wide) which must be attached to a necklace constructed of the same materials as noted in 2. above. Medicine bags are subject to inspection by having the prisoner empty the contents of the bag into the open palm of his or her hand. The prisoner shall hold the bag open, which will allow staff to inspect inside with a flash light. Refusal of a prisoner to allow staff to search the medicine bag will result in the loss of this privilege.

  b. A Declaration of Valuable Property (form 20-811.05A) must be completed for all jewelry the prisoner has that is valued at more than $100.00.

  c. Valuables such as rings, watches, and other jewelry will be sealed in a plastic bag or envelope, with the prisoner initialing across the sealing flap, then placed in the property container or a locked unit such as a safe. All jewelry items that have an estimated value beyond the established limit of $100.00 must be disbursed as set forth in section S of this policy.

4. If a prisoner is incapacitated and the property cannot be inventoried immediately (e.g., prisoner intoxication), it shall be packed, sealed, and placed in a designated secure area with documentation identifying the officer(s) who packed the property.

5. Regardless of the items authorized for retention, the officer who inventories incoming items of personal property must ensure that each item is free of contraband.

6. A prisoner will not be allowed to retain money, driver's license, credit cards, social security card, other identification cards, or valuable documents. These items must be listed on the inventory and secured in the property container or a locked unit such as a safe.

7. All funds must be counted, verified, and receipted in the presence of the prisoner and entered into the prisoner's account or sent out of the facility. If the prisoner is incapacitated, at least two employees are to count all funds and sign a receipt for the prisoner.

8. All medications or medical equipment/devices will be inventoried at the time of intake and the following action taken:

  a. Medications will be delivered to medical staff who will decide whether to continue the medications;

  b. All medications brought with the prisoner will be documented in the prisoner's medical record by medical personnel;

  c. Loose medications, not immediately needed, will be destroyed by medical staff. The destruction will be witnessed by another member of the staff and documented in the medical record; and

  d. Medical equipment/devices not authorized by medical staff will be disposed of in the same manner as any other unauthorized property.

9. Food items, tobacco products, hygiene items, etc., in possession of a prisoner at the time of remand will not be authorized for retention and must be disposed of.

10. A numbered property container will be provided for property storage at the time of property inventory and the number(s) entered on the booking record.



EXHIBIT A
PAGE 4 OF 11

| Subject: Prisoner Personal Property | Index #: 811.05 | Page: 5 of 10 |
|---|---|---|

B. Storage of Prisoner Personal Property

The intent of the department is to provide temporary secure storage for items not authorized for personal retention. Items not authorized for personal retention must be disbursed within thirty (30) days of receipt, except for a limited amount of property that may be stored with approval of the superintendent. Secure storage may not be used as a means to rotate items, such as cassette tapes, etc. The only exception will be legal materials which must be approved by the assistant superintendent. Storage procedures for each facility must comply with the following:

1. Firearms, ammunition, knives, explosives, combustible liquids, etc., will not be accepted and will be turned over to the remanding authority at the time of admission.
2. Each facility shall maintain a separate room or secure area for the storage of prisoner property. The area shall have restricted access and other safeguards to ensure accountability.
3. Personal property that may be retained in temporary storage at the holding institution will normally be limited to the contents of one property storage container per prisoner according to C. below. However:
   a. property volume limits may vary from one institution to the other, depending upon the institutional mission, thus permitting more than one box at some institutions; and
   b. the limitations established by the superintendent, specific to the institution's mission, and approved by the Director of Institutions.
4. Staff will inventory and store prisoner personal property when a prisoner's housing status temporarily changes (e.g., segregation, hospital, program participation, or court appearances).
5. Law Enforcement Inspection of Property

   Once the prisoner is remanded and the prisoner's property has been received into departmental custody, the property is <u>not</u> available for inspection or seizure by law enforcement agents without a search warrant; however, the property inventory sheet may be reviewed without a search warrant.

C. Authorized Personal Property

All prisoner, personal property must be acquired through a vendor approved by the Director of Institutions. Advance approval is not required for the purchase of subscriptions to books, magazines or newspapers received by mail. Individuals who wish to mail any other gift to a prisoner must first verify that the item is authorized for retention, then obtain the superintendent's permission to purchase the item from an approved vendor. Any gift purchased in this manner may not be removed from the vendor's premises, and must be sent by the vendor directly to the institution.

Electronic equipment, including T.V.' s, cassette players, stereos, etc., will not be accepted; however, family or relatives who wish to send funds to a prisoner for the purchase of such items must send either a certified cashiers check and/or a money order to the institution. These funds will be deposited in the prisoner's account and once posted will be available for the prisoner's use to purchase items noted on the approved commissary list. Prisoners may not be allowed to purchase personal property from mail order catalogs without the prior approval of the superintendent. The superintendent will have final authority to approve or disapprove hobby craft and club functions.

1. Prisoners housed in jail/prison facilities shall be authorized personal property items as outlined in forms 20-811.05 D and E based on security considerations, housing configurations, and program needs.



| Subject: Prisoner Personal Property | Index #: 811.05 | Page: 6 of 10 |
|---|---|---|

2. Personal property in possession of a prisoner is the responsibility of that prisoner and not the institution. A Prisoner Release of Liability (form 20- 811.05B) must be completed and forwarded to the property officer, prior to disbursal to the prisoner.
3. When property is taken from a prisoner by institutional staff, other than during emergency situations, the prisoner shall receive a completed receipt for property seized, within 48 hours, utilizing Property Seizure Report/Receipt (form 20-808.08A).
4. During emergency situations, such as when mass shakedowns are necessary:
   a. the property seized will be tagged, separated, and preserved; and
   b. receipts will be given after the emergency has ceased.

D. <u>Authorized Clothing</u>

Prisoners are required to dress in accordance with the security standard of their assigned institution. Dress regulations will be established by superintendents on the basis of institutional mission, program, safety, security, identification, and hygiene. The following shall be incorporated into institutional SOP's:

1. Pretrial detainees, except those in punitive segregation or those placed in administrative segregation as a threat to the security of the facility, shall have the right to wear their personal clothing in their living units and in such other areas of the facility where security does not require a clothing restriction as determined by the superintendent.
2. At the discretion of the superintendent, sentenced prisoners who are classified medium custody or lower may wear their personal clothing.
3. Prisoner personal clothing:
   a. may not be the same color or design as security staff uniforms;
   b. may not have inflammatory, obscene wording, designs, nor unauthorized club and gang insignias; and
   c. shall be laundered at State expense, provided:
      (1) the prisoner signs a waiver for loss or damage;
      (2) the clothing is marked for identification; and
      (3) does not require special laundering.
   d. Prisoners may launder their own clothing when superintendents provide access to institutional laundry facilities, i.e., washers and dryers. ,
4. State issued clothing when personal clothing is not available nor allowed:
   a. At least one full set of clean and reasonably well fitting clothing will be supplied to each prisoner at the time of booking, or after arraignment, if the prisoner requests.
   b. Each prisoner shall be provided at least two sets of institutional clothing per week, or conduct a clothing exchange at least two times per week; however, three sets of underwear and socks shall be provided per week.
   c. Special protective clothing will be issued as applicable to work assignments and as authorized by the superintendent.
   d. Prisoners will be responsible for all clothing issued:
      (1) The State clothing will be replaced on a direct exchange basis (one clean for one soiled); and
      (2) Procedures are to be established by superintendents for determining responsibility for lost, destroyed, or stolen items.



EXHIBIT A
PAGE 6 OF 11