Holly J. Johanknecht, Esq.
Disability Law Center of Alaska
3330 Arctic Blvd, Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
E-Mail: hollyj@dlcak.org
AK Bar No. 0511103
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 3:05-cv-212 JWS |
| v. ) | |
| ) | |
| CHESTER LEE WILLIAMS, ) | |
| ) | |
| Defendant ) | **OPPOSITION TO MOTION TO** |
| ) | **DISMISS LOST PROPERTY CLAIM** |

## INTRODUCTION

Defendants filed a Motion to Dismiss Lost Property Claim asserting that plaintiff failed to allege a civil rights claim. In the motion, Defendant's did not meet the standard for granting dismissal, failing to demonstrate that Mr. Andrews did not assert a claim upon which relief can be granted. In addition, the Alaska's Torts Claim Act, and the Department of Corrections Policies and Procedures regarding prisoner personal property do not excuse Defendant's obligation under the Eighth Amendment of the United States Constitution to provide medical care for inmates. For the above reasons, Defendant's Motion to Dismiss Lost Property Claim should be denied.

## FACTS

Mr. Andrews filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 citing a violation of the prohibition against cruel and unusual punishment.[1] In the Second Amended Complaint, Plaintiff alleged violations of the Eighth Amendment to the United States Constitution.[2] The Second Amended Complaint also stated that, "[t]he loss of Plaintiff's glasses has caused him double vision, headaches as well as loss of vision."[3]

Mr. Andrews asserts that during, or immediately after a physical altercation between Mr. Andrews and Defendant Williams, Mr. Andrew's prescription eyeglasses were taken from him and not returned. Mr. Andrews filed a number of grievances with the Department of Corrections in an attempt to regain his glasses, in addition to filing a lost property report. Plaintiff's glasses have not been returned to him, and the Department of Corrections has not provided Mr. Andrews with a new pair.

## ARGUMENT

**I.     Defendant has failed to meet standard for granting dismissal.**

Dismissal of a claim under Rule 12(b)(6) is proper only if, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[4] Defendant correctly identifies this requirement, however, aside from a mere assertion that Mr. Andrews has failed to allege a civil rights claim, Defendant has not demonstrated that he is entitled to receive dismissal in this matter.

---

[1] Complaint, Docket No. 15 Page 3.
[2] Second Amended Complaint Docket No.42, Page 2, Paragraph 10.
[3] Second Amended Complaint Docket No.42, Page 2, Paragraph 9.
[4] *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 439, 2 L. Ed. 2d 80 (1957) See also *Marder v. Lopez*, 450 F. 3d 445, 448 (9th Cir. 2006) citing *Libas Limited v. Carillo*, 329 F. 3d 1128, 1130 (9th Cir. 2003)).

Considering the facts, as pleaded by the Plaintiff, it is clear that Mr. Andrews has alleged a civil rights claim. Mr. Andrews claims Defendant Williams took his prescription eyeglasses and despite numerous grievances and a lost property claim flied by Mr. Andrews, his glasses were never returned nor was he provided with replacement glasses. These facts, if accepted as true, clearly support a claim of a violation of the Eighth Amendment, which would entitle Mr. Andrews to relief. As Defendant has not met the required standard, his Motion to Dismiss should be denied.

## II.   Mr. Andrews has alleged a claim for relief under 42 U.S.C. § 1983

As a preliminary matter, Defendant's Motion mischaracterizes Mr. Andrew's claim as merely a claim for lost property. Throughout the entire proceeding, Mr. Andrews has consistently held that this action is a civil rights action, asserting violations of the Eighth Amendments prohibition of cruel and unusual punishment. In framing the action as one for lost property, Defendant attempts to minimize the fact that the property at issue is medical in nature.

Defendant has a constitutional obligation to provide medical care and treatment to inmates. The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement.[5] This duty includes ensuring that inmates receive adequate medical care.[6] Mr. Andrews has claimed he has suffered a number of serious medical problems since the loss of his prescription glasses.[7] Defendant's motion does not address this issue.

In support of the present motion, Defendant cites *Parratt v. Taylor*.[8] In *Parratt*, the inmate's claim was a violation of the Due Process Clause of the Fourteenth Amendment to the United

---

[5] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[6] *Id.*
[7] Second Amended Complaint Docket No.42, Page 2, Paragraph 9.
[8] *Parratt v. Taylor*, 451 U.S. 527 (1981).

States Constitution when prison employees misplaced his "hobby materials".[9] This case is distinguishable as *Parratt* involves neither Eighth Amendment claims, nor was the property lost medical in nature. The effect of the loss of hobby materials and the loss of prescription eyeglasses are not comparable.

Defendant seems to assert that because the Department of Corrections has adopted Policies and Procedures regarding Prisoner personal property, and because the State of Alaska has adopted the Tort Claims Act, that Plaintiff has not alleged a civil rights claim. Defendant fails to demonstrate why this assertion is true. Defendant further fails to demonstrate why the existence of the Alaska State Tort Claims Act and policies and procedures adopted by the Department of Corrections affects Mr. Andrew's claims or abrogates any duty the state has to provide Mr. Andrews medical care.

In addition, Defendant's motion fails to mention that Mr. Andrews attempted to follow the Department of Corrections Policies and Procedures by submitting a lost property claim for his glasses.[10] However, Mr. Andrews received no relief through that process.

Given Defendant's failure to demonstrate that Mr. Andrews has not alleged a claim for relief under § 1983, the Motion to Dismiss should be denied.

## CONCLUSION

Defendant's Motion to Dismiss fails to meet the standard required to grant a dismissal under the Federal Rules of Civil Procedure 12(b)(6). Plaintiff has clearly alleged a civil rights claim, a violation of the Eighth Amendment, and accepting the facts pleaded by Mr. Andrews as true, there is a claim that would entitle him to relief. Given these failures, Plaintiff respectfully requests that Defendants Motion to Dismiss be DENIED.

---

[9] *Id*.
[10] Second Amended Complaint, Docket No. 42, Page 2, Paragraph 12.

Opposition to Defendant's Motion to Dismiss                                                    Page 4 of 5
*Andrews v. Williams*
Case No. 3:05-cv-212 (JWS)

Dated in Anchorage, Alaska, this 26th day of January, 2007

/s Holly J. Johanknecht
Holly J. Johanknecht
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: hollyj@dlcak.org
Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 26th day of January 2007, a copy of this document was served electronically on:

Marilyn Kamm
Office of the Attorney General
marilyn_kamm@law.state.ak.us

/s Holly J. Johanknecht
Holly J. Johanknecht