Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHESTER LEE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. 3:05-cv-212-JWS |

REPLY TO OPPOSITION TO MOTION TO DISMISS LOST PROPERTY CLAIM

Plaintiff's negligence claim for lost property does not become an 8th Amendment claim for cruel and unusual punishment simply because the lost property was a pair of prescription glasses. An essential element of an Eighth Amendment claim is that plaintiff allege that the defendant acted with "deliberate indifference" to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-106, 97 S.Ct. 285, 290-291, 50 L.Ed.2d 251 (1976)(citations omitted).  The United States Supreme Court has ruled that there is a subjective component to the "deliberative indifference" standard

Reply to Opposition to Motion to Dismiss Lost Property Claim
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 1 of 3.

enunciated in *Estelle*; i.e., there must be an inquiry into the state of mind of the official(s) accused of inflicting cruel and unusual punishment. *Farmer v. Brennan*, 114 S.Ct. 1970 (1994). "[D]eliberate indifference entails something more than mere negligence—[but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge harm will result." *Id.*

Plaintiff has consistently claimed that defendant placed his glasses on a counter after his assault on Trooper Zimmerman, and that the glasses were lost. *See* docket 15, p. 3. It was not until plaintiff's counsel filed an amended complaint that the claim was changed from one for lost property to an Eighth Amendment claim. But the Eighth Amendment claim for these glasses is defective because there is no allegation of deliberate indifference. Plaintiff cannot now deny defendant's alleged negligence in losing the glasses and claim he was deliberately indifferent because to do so would conflict with his prior statements and would be a sham. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-544 (9th Cir. 1975).

It should be noted that while the State of Alaska is providing Defendant Williams' defense, the Defendant is not the State of Alaska. While the State of Alaska agrees that it has a constitutional obligation to provide medical care and treatment to inmates, Defendant Williams does not. Plaintiff confuses these duties with his statement that Defendant has a constitutional obligation to provide medical care to

Reply to Opposition to Motion to Dismiss Lost Property Claim
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 2 of 3.

inmates. *See* Opposition, p. 3. Sgt. Williams is not a health care provider, and he has no such duty.

Defendant Sgt. Williams respectfully requests that this court dismiss the lost property claim.

Dated this 5th day of February, 2007, at Juneau, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on February 5, 2007, I caused the foregoing
To be served electronically on plaintiff's attorney:

Ms. Holly Johanknect
Disability Law Firm
3330 Arctic Blvd. Suite 103
Anchorage, AK  99503

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Reply to Opposition to Motion to Dismiss Lost Property Claim
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 3 of 3.