UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| PETER LEE ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:05-cv-00212 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| CHESTER LEE WILLIAMS, | ) | (Re:  Motion at docket 47) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 47, defendant Sergeant Chester Lee Williams moved for summary judgment based on plaintiff's failure to exhaust his administrative remedies.  Plaintiff responded at docket 50 arguing that defendant did not properly authenticate exhibits, a problem the court addressed in its order at docket 57.  After affidavits to authenticate the exhibits were filed, plaintiff was given a second opportunity to file a response, which was filed at docket 60.  Defendant replied at docket 61.

## II.  BACKGROUND

Plaintiff alleges that Chester Lee Williams took plaintiff to the ground and hit plaintiff in the ribs on May 14, 2004, at Cook Inlet Pretrial booking area.[1]  Plaintiff further alleges that Williams took plaintiff's prescription eye glasses at that time and did not return them, and that Department of Corrections has, as of May 2006, failed to provide plaintiff with another pair of glasses.[2]  Plaintiff states that he is legally blind without his

---

[1]Doc. 42.

[2]Doc. 42.

glasses.[3]  In his most recent amended complaint, plaintiff requests damages, a pair of prescription eyeglasses, costs, attorney's fees, and any other relief.[4]

Defendant Williams argues in his motion to dismiss that plaintiff failed to exhaust his administrative remedies when he did not file an appeal of the Grievance Screening Form of June 30, 2005.[5]  Defendant points out that the Prison Litigation Reform Act of 1995 requires exhaustion of administrative remedies before a prisoner may file suit under 42 U.S.C. § 1983.[6]  Defendant notes that plaintiff filed three grievances–two addressing his lost glasses and one addressing the alleged assault on November 16, 2004.[7]  Defendant argues for summary judgment based on failure to exhaust.[8]  Specifically, defendant argues that "Andrews was required to fully exhaust his claim regarding the alleged assault by Sgt. Williams."[9]  In his reply, defendant states that plaintiff's motion has both exhausted and unexhausted claims, stating that the claim regarding his eyeglasses has been properly exhausted.[10]

Plaintiff concedes that he did not complete the third level of grievance procedure, and asks the court to stay this action to give him a chance to complete the administrative process as to the assault claim.  Plaintiff also asserts that a motion for summary judgment is not the proper vehicle for a claim based on exhaustion of administrative remedies.[11]  Andrews also claims to be mentally challenged, and points

---

[3]Doc. 60 at 3.

[4]Doc. 42 at 3.

[5]Doc. 47 at 2-3.

[6]Doc. 47 at 4.

[7]Doc. 47 at 2.

[8]Doc. 47 at 4-5.

[9]Doc. 47 at 6.

[10]Doc. 61 at 1.

[11]Doc. 60 at 2.

out that when he attempted to resolve his grievances through the prison administrative system, he had no lawyer to help him with the process.[12]

### III. STANDARD OF REVIEW

Under U.S.C. 42 § 1997e(a), no action may be brought "with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[13] The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[14]

Exhaustion must be proper.[15] The Supreme Court has held that proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."[16]

### IV. DISCUSSION

The Supreme Court recently held that "failure to exhaust is an affirmative defense under the PLRA," and that inmates do not need to "specifically plead or demonstrate exhaustion in their complaints."[17] Prior to that decision, the Ninth Circuit had held exhaustion to be an affirmative defense as well and found that the proper form to use in arguing exhaustion of nonjudicial remedies in a PLRA action is an unenumerated Rule 12(b) motion rather than a motion for summary judgment.[18] The Ninth Circuit has generally found that failure to exhaust administrative remedies should

---

[12]*Id.*

[13]42 U.S.C. § 1997e(a).

[14]*Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[15]*Woodford v. Ngo,* 126 S.Ct. 2378, 2382 (2006).

[16]*Id.* at 2386 (2006).

[17]*Jones v. Bock*, 127 S.Ct. 910, 921 (2007).

[18]*Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

3

be raised in a motion to dismiss because it is "a matter in abatement"[19] and does not go to the merits of an action.[20] The Ninth Circuit has explained a "nonenumerated Rule 12(b)" motion, is "governed by the general motion provisions in the federal rules" such as Rule 43(e).[21]

The failure to exhaust nonjudicial remedies is a matter in abatement, and when it is raised in a motion for summary judgment, it should be treated as if raised in a motion to dismiss.[22] This court will treat defendant's motion for summary judgment as a nonenumerated Rule 12(b) motion. In such a motion to dismiss for lack of exhaustion, a factual issue may be resolved by the court as "the general view is that there is no right of jury trial as to that issue."[23]

Defendant focuses on three grievances initiated by Andrews.[24] Grievances 9448 and 8919 both address the loss of plaintiff's glasses.[25] Grievance 11212 specifically addressing the alleged assault. Andrews did not appeal the action which screened out Grievance 11212 pursuant to Section B(2)(a)(2). Thus, Andrews did not exhaust that claim.

Defendant concedes that the claim regarding plaintiff's eyeglasses has been "properly exhausted."[26] Defendant's motion addresses only the exhaustion of plaintiff's

---

[19]*Stauffer Chemical Co. V. FDA*, 670 F.2d 106, 108 (9th Cir. 1982); *Studio Electrical Technicians Local 728 v. International Photographers of the Motion Picture Industries, Local 659*, 598 F.2d 551, 552 (9th Cir. 1979).

[20]*Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988).

[21]*Id.* at 369.

[22]*Id.* at 368-69.

[23]*Id.* at 369.

[24]It appears that there may have been others, but both parties proceed on the basis of the three identified and set out in exhibits authenticated by defendant.

[25]Doc. 47 Ex. B, C.

[26]Doc. 61 at 1.

4

claim regarding the alleged assault by defendant. Plaintiff's opposition states generally that plaintiff met "two of three of the requirements outlined" for exhaustion, but did not complete the third and final level of review in the administrative process.[27] The court reads this to be a concession that the assault claim was not fully exhausted.[28] Plaintiff indicates that his failure to take the third step should be excused, because his intellectual ability is limited, and he had no lawyer. However, it is clear from the record here that plaintiff has the ability to pursue the grievance process; he did initiate the process three times and pursue all of his claims through at least a portion of the process. The court is aware of no authority supporting the proposition that a prisoner is entitled to counsel in the prison grievance process.

Plaintiff requests a stay of the action to allow plaintiff to properly complete prison administrative appeals which (if unsuccessful) would then allow the assault claim to be prosecuted in court. The Supreme Court has held that if one claim is exhausted but another is not, a court should follow a claim-by-claim approach, dismissing the unexhausted claims and retaining the others.[29] Defendant suggests that dismissal of exhausted claims might be necessary where exhausted and unexhausted claims are "closely related and difficult to untangle."[30] That is not the situation here. While all the claims may be connected to the same confrontation between plaintiff and defendant, the loss of the eyeglasses and the failure to return them is easily disentangled from allegations that Williams took plaintiff to the ground and punched him in the ribs. The court finds that the proper remedy is dismissal without prejudice of the assault claim which has not yet been properly exhausted.[31]

---

[27]Doc. 60 at 3.

[28]Andrews indicates that none of his claims proceeded through the final stage of the grievance process. However, the court finds it appropriate to rely on defendant's concession that the eyeglasses grievances were exhausted, given that exhaustion is an affirmative defense.

[29]*Jones* at 127 S.Ct. 924-26.

[30]Doc. 61 at 1 (citing *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005)).

[31]*Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that the proper remedy for failure to exhaust is "dismissal of the claim without prejudice").

5

## CONCLUSION

The motion at docket 47 is treated as a motion to dismiss and is **GRANTED in part and DENIED in part** as follows: Plaintiff's claim alleging that defendant Williams assaulted plaintiff is hereby dismissed without prejudice. Plaintiff's claim relating to his eyeglasses remains pending.

DATED at Anchorage, Alaska, this 27th day of March 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE