Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHESTER LEE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. 3:05-cv-212-JWS |

MOTION FOR SUMMARY JUDGMENT

Comes now defendant Sgt. Williams, by and through his attorney of record, Marilyn J. Kamm, Assistant Attorney General, and hereby moves for summary judgment on plaintiff's claim for lost property.  This motion is supported by the memorandum of law, *infra*.

FACTS

This is a civil rights action filed pursuant to 42 U.S.C. Section 1983. In his amended complaint plaintiff claims that he was assaulted by Sgt. Williams and that Sgt. Williams was responsible for the loss of his eyeglasses.

> Sgt. Williams took my Nike Flex prescription eye glasses and place them on Cook Inlet pretrial counter. … David Earl Talbert also witness later. My eye prescription glasses were missing.

Docket 15, p. 3.

> Andrews filed several grievances pertaining to these glasses. He wrote:
>
> On May 14, 2004 Sgt. Williams lost my Nike flex eye prescription glasses…I ask DOC replace my 300 dollar Nikey flex glasses that a D.O.C. officer lost.

Docket 47, p. 3.

> On May 14, 2004 Sgt. Williams lost my glasses. I ask Officer Trout to find them, which is a eye witness who seen Sgt. Williams put my glasses on the counter. Officer Trout said "I look every and can not find them." On 10-14-04 I put in a lost property form. … Sgt. Williams lost my glasses at Cook Inlet Pretrial Department of Corrections.

Docket 47, p. 1.

> On May 14, 2004, Sgt. Chester Lee Williams lost my glasses.

Docket 47, p. 3.

Plaintiff failed to exhaust his administrative remedies regarding the alleged assault and this court has already granted defendant's motion for summary judgment on that claim at docket 67. This motion is directed to the lost property claim.

The State of Alaska has adopted a Torts Claim Act. AS 9.50.250. In addition, the Department of Corrections has adopted Policy and Procedure 811.05 that provides for reimbursement to prisoners for lost or damaged property. *See* http://www.correct.state.ak.us/corrections/pnp/pdf/811.05/pdf.

### STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> In deciding a motion for summary judgment the court views the evidence and the inferences therefrom in the light most favorable to the non-moving party. *Levin v. Knight*, 780 F.2d 786, 787 (9th Cir. 1986). Three United States Supreme Court cases have clarified what a non-moving party must do to withstand a summary judgment motion. As explained by the Ninth Circuit in *California Architectural Building Products, Inc. v Franciscan Ceramics, Inc.*, 818 F. 2d 1466, 1468 (9th Cir. 1987):

> First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, [477 U.S. 317], 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, [477 U.S. 242], 105 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).

ARGUMENT

PLAINTIFF HAS FAILED TO ALLEGE A CLAIM FOR RELIEF<br>UNDER 42 USC SECTION 1983

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) the Supreme Court reversed the order of summary judgment for the inmate. He filed suit under Section 1983 against prison officials to recover the value of hobby materials that were lost when the normal procedure for receipt of mail packages was not followed. In so ruling the court stated:

> Application of the principles recited above to this case leads us to conclude the respondent has not alleged a violation of the Due Process Clause of the Fourteenth Amendment. Although he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention that the procedures

> themselves are inadequate nor is there any contention that it was practicable for the State to provide a predeprivation hearing. Moreover, the State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation. The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State… Through this tort claims procedure the State hears and pays claims of prisoners housed in its penal institutions. This procedure was in existence at the time of the loss here in question but respondent did not use it….The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.

*Parratt v. Taylor*, 451 U.S. at 543-544.

In the present case the plaintiff has failed to allege a civil rights claim. The State of Alaska has adopted the Tort Claims Act. In addition, the Department of Corrections has adopted procedures for reimbursement for lost or damaged property. Sgt. Williams is entitled to summary judgment because plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. Section 1983.

Dated this 20th day of July, 2007, at Juneau, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on July 20, 2007, I caused the foregoing
To be served electronically on plaintiff's attorney:

Ms. Holly Johanknect
Disability Law Firm
3330 Arctic Blvd. Suite 103

Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 5 of 5.

Anchorage, AK  99503
By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us