Holly J. Johanknecht, Esq.
Disability Law Center of Alaska
3330 Arctic Blvd, Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
E-Mail: hollyj@dlcak.org
AK Bar No. 0511103
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,<br><br>    Plaintiff<br><br>v.<br><br>CHESTER LEE WILLIAMS,<br><br>    Defendant | )<br>)<br>)<br>)  Case No. 3:05-cv-212 JWS<br>)<br>)<br>)<br>)<br>)  **MEMORANDUM IN SUPPORT OF**<br>)  **PLAINTIFF'S MOTION FOR**<br>    **SUMMARY JUDGMENT** |

COMES NOW, the Plaintiff, by and through counsel, offers this memorandum in support of its Motion for Summary Judgment.

### STATEMENT OF UNDISPUTED FACTS

Plaintiff's counsel avers that the following facts are undisputed based on the record before this Court.

Mr. Andrews filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 citing a violation of the prohibition against cruel and unusual punishment.[1] In the Second Amended Complaint, Plaintiff alleged violations of the Eighth Amendment to the United States Constitution.[2] The Second Amended Complaint also stated that, "[t]he loss of Plaintiff's glasses

---

[1] Complaint, Docket  No. 15, p. 3.

has caused him double vision, headaches as well as loss of vision."[3]

On May 14, 2004, during, or immediately after a physical altercation between Mr. Andrews and Defendant Williams, Mr. Andrew's prescription eyeglasses were taken from him and not returned.[4] Mr. Andrews filed a number of cop outs and grievances with the Department of Corrections in an attempt to regain his glasses, in addition to filing a lost property report.[5] Plaintiff's glasses have not been returned to him.

## ARGUMENT

**I.    SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Rule 56 provides that judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The initial burden is on the moving party, to demonstrate that "there is no genuine issue as to any material fact" Fed.R. Civ.P. 56(c). The burden then shifts to the non-moving party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The moving party is entitled to summary judgment if the non-moving party fails to make a shoring sufficient to establish the existence of an element, which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To demonstrate a genuine issue, the non-moving party must "must do more than simply show

---

[2] Second Amended Complaint, Docket No. 42, p.2, paragraph 10.
[3] Second Amended Complaint, Docket No. 42, p.2, paragraph 10.
[4] Complaint, Docket No. 15, p. 3.
[5] Defendant's First Motion for Summary Judgment, Docket No. 47, Exhibits B and C.

Memorandum in Support of Plaintiff's Motion for Summary Judgment        Pg. 2 of 6
*Andrews v. Williams*
3:05-cv-212 (JWS)

that there is some metaphysical doubt as to the material facts. … Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. (internal citation omitted)

**No Genuine Issues of Material Fact Exist**

Facts material to the claim asserted by Mr. Andrews are as follows

1. While incarcerated, and under the supervision of Defendant, Plaintiff's prescription eyeglasses were taken from him and not returned.

2. Defendant knew of this loss to Plaintiff, and despite this knowledge, failed to return Plaintiff's prescription eyeglasses to him.

Because no genuine issues of material fact exist, summary judgment is appropriate.

**II.     Defendant's Conduct is a Violation of the Eighth Amendment Prohibition Against Cruel and Unusual Punishment**

The Eighth Amendment of the United States Constitution's prohibition against cruel and unusual punishment mandates that prisons, and prison officials provide inmates with medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "An inmate must rely on prison authorities to treat his medical needs, if the authorities fail to do so, those needs will not be met." *Id*. Thus, deliberate indifference to the medical needs of prisoners violates the Eighth Amendment. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs, or by prison guards in intentionally denying or delaying access to medical care, or intentionally interfering with the treatment once prescribed." *Id*, (internal citations omitted).

A prison official violates the Eighth Amendment when two requirements are met: (1) The deprivation alleged must be objectively, sufficiently serious, and (2) A prison official must act

with deliberate indifference to inmate health or safety. *Farmer v. Brennan*, 511, U.S. 825, 833 (1994) (internal citations omitted).

In this case, Defendant Williams took Plaintiff's prescription eyeglasses, and failed to return them despite Plaintiff filing cop-outs, grievances, an appeal and a lost property form seeking the return or replacement of his glasses. Defendant's indifference to Plaintiff's medical needs, and his interference with the treatment prescribed by Plaintiff's doctor (the prescription eyeglasses) violates the Eighth Amendment. As a result of the conduct of Defendant, and the failures of the prison administrative system to secure the return of his glasses, Plaintiff was forced to file a civil rights action in federal court.

A.  <u>Defendant's Conduct Resulted in a Serious Deprivation to Plaintiff</u>

When Defendant Williams removed Plaintiff's prescriptions eyeglasses, and failed to return them, Plaintiff was objectively, seriously deprived of the use of important medical equipment, the use of which was prescribed by a doctor. As a result of the loss of his glasses, Mr. Andrews suffered double vision, headaches and loss of vision.[6] Despite significant effort by Mr. Andrews to secure the return of his glasses through the prison's administrative system, he has received no relief. "In *Estelle v. Gamble*, we held that the denial of medical care is cruel and unusual because, in the worst case, it can result in physical torture, and, even in less serious cases, it can result in pain without any penological purpose." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) citing *Estelle v. Gamble*, 429 U.S. at 103. There can be no argument that withholding an inmate's prescription eyeglasses, and the pain such an action inflicts serves any penological purpose.

---

[6] Second Amended Complaint, Docket No. 42, p.2, paragraph 10.

Memorandum in Support of Plaintiff's Motion for Summary Judgment        Pg. 4 of 6
*Andrews v. Williams*
3:05-cv-212 (JWS)

B. <u>Defendant Acted with Deliberate Indifference</u>

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or interfere with medical treatment.'" *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990), citing *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). In this case, by not returning Mr. Andrew's glasses, after receiving numerous requests to do so, Defendant Williams interfered with ongoing medical treatment. Additionally, despite the many opportunities presented by Plaintiff[7], prior to the initiation of this lawsuit, the missing eyeglasses were never returned. , evidenced by the prison administrative process' inability to satisfy Mr. Andrew's complaints.

The event leading to this claim occurred May 14, 2004, more than three years ago. For Defendant to force Mr. Andrews to suffer for such a long period of time, when a solution to the problem, in the form of replacement glasses is both readily available, and inexpensive, is a further indicator of the deliberate indifference exhibited by Defendant. The continued indifference towards Plaintiff's need more than meets the standard of deliberate indifference.

C. <u>Plaintiff Suffered Substantial Harm as a Result of Defendant's Actions</u>

As a result of the loss of his prescription eyeglasses, plaintiff suffered double vision, headaches and loss of vision. This harm continues until Plaintiff's glasses are returned, or replacement glasses are provided. As noted above, the pain and difficulty suffered by plaintiff serves no penological purpose. As Mr. Andrews is at the mercy of the prison and its employees to access medical treatment, Defendant's ongoing refusal to return the missing glasses to Mr. Andrews adds to the harm Plaintiff suffers.

---

[7] Plaintiff attempted to secure the return of his glasses through the prison's administrative process, including filing cop-outs, grievances, an appeal and a lost property form. Defendant's First Motion for Summary Judgment, Docket No. 47, Exhibits B and C.

Memorandum in Support of Plaintiff's Motion for Summary Judgment       Pg. 5 of 6
*Andrews v. Williams*
3:05-cv-212 (JWS)

In addition, there can be no argument that prison is a potentially dangerous place. An inmate who is unable to adequately see cannot effectively navigate his environment in the safest manner possible. Safety is an important concern for everyone, and there is emotional and psychological harm in living in an inherently dangerous environment you are unable to fully perceive.

## CONCLUSION

Given the obligation of Defendant to provide medical care to Plaintiff, the deliberate indifference with which Defendant regarded that obligation, the substantial harm suffered by Plaintiff as a result, and the absence of genuine issues of material fact, Plaintiff respectfully requests that the court grant his motion for summary judgment.

Dated in Anchorage, Alaska, this 20$^h$ day of July, 2007

/s Holly J. Johanknecht
Holly J. Johanknecht
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: hollyj@dlcak.org
Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 20th day of July 2007, a copy of this document was served electronically on:

Marilyn Kamm
Office of the Attorney General
marilyn_kamm@law.state.ak.us

/s Holly J. Johanknecht
Holly J. Johanknecht