Holly J. Johanknecht, Esq.
Disability Law Center of Alaska
3330 Arctic Blvd, Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
E-Mail: hollyj@dlcak.org
AK Bar No. 0511103
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 3:05-cv-212 JWS |
| v. ) | |
| ) | |
| CHESTER LEE WILLIAMS, ) | |
| ) | |
| Defendant ) | **OPPOSITION TO MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |

## INTRODUCTION

Defendants filed a Motion of Summary Judgment asserting that plaintiff failed to allege a civil rights claim. Plaintiff's motion fails to meet the standard for summary judgment set out in Federal Rule of Civil Procedure 56(c), as Defendant has failed to allege that no genuine issues of material fact exist, and to demonstrate that he is entitled to judgment as a matter of law.

## FACTS

Mr. Andrews filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 citing a violation of the prohibition against cruel and unusual punishment.[1] In the Second Amended Complaint, Plaintiff alleged violations of the Eighth Amendment to the United States Constitution.[2] The Second Amended Complaint also stated that, "[t]he loss of Plaintiff's glasses

---

[1] Complaint, Docket No. 15, p. 3.

has caused him double vision, headaches as well as loss of vision."[3]

On May 14, 2004, during, or immediately after a physical altercation between Mr. Andrews and Defendant Williams, Mr. Andrew's prescription eyeglasses were taken from him and not returned.[4] Mr. Andrews filed a number of cop outs and grievances with the Department of Corrections in an attempt to regain his glasses, in addition to filing a lost property report.[5] Plaintiff's glasses have not been returned to him.

## ARGUMENT

Defendant correctly states that the standard for a motion for summary judgment is set out in Rule 56 of the Federal Rules of Civil Procedure. That rule requires two things, (1) a showing that there are no genuine issues of material fact, and (2) that the moving party is entitled to judgment as a matter of law. However, Defendant fails to allege that there are no genuine issues of material fact. Furthermore, Defendant fails to demonstrate that he is entitled to judgment as a matter of law.

Defendant has filed a Motion for Summary Judgment for failure to allege a civil rights claim. However, defendant fails to demonstrate why, Mr. Andrew's claim, a claim of cruel and unusual punishment, a violation of the Eighth Amendment to the United States Constitution is NOT a civil rights claim. Without such a demonstration, Defendant is not entitled to judgment as a matter of law, and thus has not met the requirements of Rule 56(c).[6]

Defendant cites *Parrat v. Taylor* in support of his motion. 451 U.S. 527 (1981). That case is clearly distinguishable from the case at hand for many reasons. First the plaintiff in *Parrat* did

---

[2] Second Amended Complaint, Docket No. 42, p.2, paragraph 10.
[3] Second Amended Complaint, Docket No. 42, p.2, paragraph 10.
[4] Complaint, Docket No. 15, p. 3.
[5] Defendant's First Motion for Summary Judgment, Docket No. 47, Exhibits B and C.
[6] "The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

not make a claim of cruel and unusual punishment, rather a claim of a violation of the Due Process Clause of the Fourteenth Amendment. *Id.* Secondly, the plaintiff in *Parrat*, sued as a result of lost hobby materials, not, as in this case, as a result of a deprivation of property of a medical nature and the harm that resulted from that deprivation. *Id.* Finally, in *Parrat*, the essential nature of the claim, as determined by the court, was a claim of a tortious loss. *Id.* Mr. Andrews claims that the loss of his prescription eyeglasses, and Defendant's failure to return those eyeglasses amounts to cruel and unusual punishment under the Eighth Amendment. Thus, only case cited by Defendant in support of his Motion for Summary Judgment is neither relevant nor persuasive

Defendant also notes that Alaska has adopted the Tort Claims Act. However, Defendant fails to demonstrate why this fact is relevant. As noted above, Mr. Andrew's claim is a civil rights claim, not a tort. Thus the Tort Claims Act is not relevant, and Alaska's adoption of the Act does not impact Mr. Andrew's claims. Finally, Defendant states that the Department of Corrections has adopted procedures for reimbursement for lost property. Aside from the mention of the existence of the procedures, Defendant does not indicate how, or why the procedures affect Mr. Andrew's claim. These procedures do not abrogate the Defendant's obligations under the Eighth Amendment. The existence of procedures, without an explanation or demonstration of their impact on the issues before this court does not entitle Defendant to judgment as a matter of law.

## CONCLUSION

Given Defendant's failure to allege that there are no genuine issues of material law, and to demonstrate that he is entitled to judgment as a matter of law, as required by Rule 56(c), Plaintiff respectfully requests that Defendant's Motion for Summary Judgment be denied.

Dated in Anchorage, Alaska, this 6th day of August, 2007

/s Holly J. Johanknecht
Holly J. Johanknecht
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: hollyj@dlcak.org
Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 7th day of August 2007, a copy of this document was served electronically on:

Marilyn Kamm
Office of the Attorney General
marilyn_kamm@law.state.ak.us

/s Holly J. Johanknecht
Holly J. Johanknecht