Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811
(907) 465-3428
FAX: (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHESTER LEE WILLIAMS, )<br>)<br>Defendant. )<br>_____ ) | Case No. A05-212 CV (JWS) |

## CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff's motion for summary judgment is flawed in several respects. First of all, Sgt. Williams disputes plaintiff's claim that all the evidence supports plaintiff's claim of an Eighth Amendment violation. Secondly, plaintiff has not shown deliberate indifference nor has he shown a serious medical need. In addition, plaintiff has failed to present expert testimony to support his claim. Summary judgment should be rendered in favor of Sgt. Williams.

## FACTS

On May 14, 2004, Defendant Sgt. Williams observed plaintiff Andrews assault Trooper Zimmerman.   *See* Docket 25, Attachment 1, Affidavit of Chester Williams.  Andrews struck Trooper Zimmerman in the right cheek with his right fist, knocking his glasses off and propelling him backwards.  Sgt. Williams immediately grabbed Andrews by the upper body and with the assistance of Officer Talbert they took the prisoner to the ground.  Sgt. Williams did not assault Andrews, nor did he remove Andrews' glasses or place them on the counter.  *Id.*, *see* Second Affidavit of Chester Williams.

Andrews was prosecuted by the State of Alaska as a result of this incident.   He was convicted of Assault in the Fourth Degree in *State v. Andrews*, Case No. 3AN-04-5995 cr. for the physical injury he inflicted upon Trooper Zimmerman. Sgt. Williams received a commendation from the Alaska State Troopers as a result of his actions in this matter.  *See* Affidavit of Chester Williams, Docket 25.

Andrews filed several Department of Corrections' grievances pertaining to these glasses.  He wrote:

> On May 14, 2004 Sgt. Williams lost my Nike flex eye prescription glasses…I ask DOC replace my 300 dollar Nikey flex glasses that a D.O.C. officer lost.

Docket 47, p. 3.

> On May 14, 2004 Sgt. Williams lost my glasses.  I ask Officer Trout to find them, which is a eye witness who seen Sgt. Williams put my glasses on the counter.  Officer Trout said "I look every and can not find them." On 10-14-04 I put in a lost property form. … Sgt. Williams lost my glasses at Cook Inlet Pretrial Department of Corrections.

Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case A05-212 CV (JWS)
Page 2 of 10.

Docket 47, p. 1.

> On May 14, 2004, Sgt. Chester Lee Williams lost my glasses.

Docket 47, p. 3.

In his complaint plaintiff averred that he was assaulted by Sgt. Williams and that Sgt. Williams was responsible for the loss of his eyeglasses.

> Sgt. Williams took my Nike Flex prescription eye glasses and place them on Cook Inlet pretrial counter. … David Earl Talbert also witness later. My eye prescription glasses were missing.

Docket 15, p. 3.

## ARGUMENT

I.    THE MATERIAL FACTS ALLEGED BY PLAINTIFF ARE DISPUTED BY SGT. WILLIAMS

Plaintiff's claim that certain allegations in his complaint and second amended complaint are undisputed is incorrect to the extent he claims they support an Eighth Amendment claim. There is no evidence to support the claim that Sgt. Williams intentionally took his glasses from him and refused to return them to him. In his complaint he states that the glasses were placed on the pretrial counter and that later they were missing. In other documents he has stated that his glasses were lost, not that they were intentionally taken from him and withheld from him by Sgt. Williams. His prior statements include the following:

> On May 14, 2004 Sgt. Williams *lost* my Nike flex eye prescription glasses…I ask DOC replace my 300 dollar Nikey flex glasses that a D.O.C. officer lost.

Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case A05-212 CV (JWS)
Page 3 of 10.

Docket 47, p. 3 (emphasis added).

> On May 14, 2004 Sgt. Williams *lost* my glasses. I ask Officer Trout to find them, which is a eye witness who seen Sgt. Williams put my glasses on the counter. Officer Trout said "I look every and can not find them." On 10-14-04 *I put in a lost property form*. … Sgt. Williams lost my glasses at Cook Inlet Pretrial Department of Corrections.

Docket 47, p. 1 (emphasis added).

> On May 14, 2004, Sgt. Chester Lee Williams *lost* my glasses.

Docket 47, p. 3 (emphasis added).

Other facts are in dispute. In the Answer Sgt. Williams denied that he removed plaintiff's glasses and placed them on a counter. *See* docket 24, p. 2, para. B.2. He also denies having them in his possession in his second affidavit.

Andrews claims that the loss of his glasses resulted in double vision, headaches as well as loss of vision, citing his unverified Second Amended Complaint, Docket 42, paragraph 10. In his Answer to Second Amended Complaint Sgt. Williams denied these allegations. *See* Docket 44, p. 2, para. 10.

## II.  SGT. WILLIAMS DID NOT VIOLATE THE INMATE'S EIGHTH AMENDMENT RIGHTS.

### A. THERE IS NO EVIDENCE THAT SGT. WILLIAMS WAS DELIBERATELY INDIFFERENT.

The Eighth Amendment to the U.S. Constitution provides that cruel and unusual punishment shall not be inflicted.

> Excessive bail shall not be required, nor excessive fines imposed, or cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The Eighth Amendment symbolizes "broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *See Estelle v. Gamble*, 429 U.S. 97, 102 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). The United States Supreme Court, in applying these concepts and standards to the issue of medical care for prison inmates has further indicated that punishments which "involve the unnecessary and wanton infliction of pain" are incompatible with the concepts and standards set forth above. *Id*., at 429 U.S., at 102-03, 97 S.Ct., at 290.

> These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," . . . proscribed by the Eighth Amendment.

*Id*., at 429 U.S., at 103-04, 97 S.Ct., at 290-91 (internal citation omitted).

It is well settled that it is unconstitutional to provide inadequate medical treatment amounting to "deliberate indifference" to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-106, 97 S.Ct. 285, 290-291, 50 L.Ed.2d 251 (1976)(citations omitted).

> . . . This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Id.  See also*, *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992)(citations omitted).

It has also been noted that the "deliberate indifference" standard for purposes of Eighth Amendment analysis also exists where "knowledge of the need for medical care . . . or 'necessary medical treatment [i]s . . . delayed for non-medical reasons[.]'" (Emphasis added.)  *citing Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 346 (3rd Cir. 1987) (ellipsis in the original).

On the other hand, the Supreme Court in *Estelle, supra*, also stated that "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain'" or to be "'repugnant to the conscience of mankind.'"  429 U.S. at 105-106, 97 S.Ct. at 292.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. . . .

*Id*.

The United States Supreme Court has ruled that there is a subjective component to the "deliberative indifference" standard enunciated in *Estelle*; i.e., there must be an inquiry into the state of mind of the official(s) accused of inflicting cruel and unusual punishment.  *Farmer v. Brennan*, 114 S.Ct. 1970 (1994).  And although

the constitution requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the doctor or treatment of his choice. *See United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985). A difference in medical opinion does not state a claim for deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

In the present case there is no evidence that Sgt. Williams was deliberately indifferent to plaintiff's serious medical condition. He has denied taking plaintiff's glasses. *See* Second Affidavit of Sgt. Williams. There is no evidence that Sgt. Williams intentionally took plaintiff's glasses for the purpose of depriving him of them and that he intentionally withheld them from plaintiff. Even assuming *arguendo* that plaintiff's glasses were taken by Sgt. Williams and not returned to him, the evidence does not support a claim of deliberate indifference. At most it supports a claim of negligence, and is not a civil rights claim.

B. PLAINTIFF HAS NOT ESTABLISHED A SERIOUS MEDICAL NEED FOR GLASSES.

One element of his Eighth Amendment claim is that plaintiff must establish that he had a serious medical need for his glasses. In *Davidson v. Scully,* 155 F.Supp.2d 77, (S.D.N.Y. 2001), the inmate claimed blurry vision, headaches, and tearing whenever he wore prescription glasses with allegedly incorrectly ground lenses. The U.S. District Court for the Southern District of New York ruled that his symptoms were not conditions that produce degeneration or extreme pain and are not a sufficiently serious condition under the Eighth Amendment. *Id.*, at 89.

Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case A05-212 CV (JWS)
Page 7 of 10.

In *Diaz v. Safeway, Inc.,* 2006 WL753143, Case No. 3:05-cv-0001-TMB Judge Burgess ruled that the causal relationship between plaintiff's accident and alleged injuries were not within the common knowledge and experience of the average person. That case involved a woman who slipped and fell at Safeway. She claimed that her pregnancy complications and back injury resulted from that fall. The court ruled that plaintiff was not qualified to offer testimony that her medical conditions were causally related to her accident.

Like *Diaz*, Andrews is unqualified to testify about causation and his alleged damages from the loss of his eyeglasses. In his original complaint he asked for damages in excess of $400,000.00. He claims that without his glasses he has double vision, headaches and a loss of vision. He does not have the requisite specialized knowledge, experience, training or education rendering him qualified to give an opinion on medical causation. *See Diaz v. Safeway, supra.* While the common knowledge and experience of the average person is that some individuals may have a loss of vision without their glasses, double vision, headaches and a loss of vision to the extent plaintiff claims requires an expert witness.

CONCLUSION

Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case A05-212 CV (JWS)
Page 8 of 10.

There is no evidence to support plaintiff's claim of an Eighth Amendment violation.   Plaintiff has no evidence that Sgt. Williams was deliberately indifferent, nor has he established a serious medical need.

All plaintiff's evidence supports a negligence claim for lost property. Sgt. Williams disputes plaintiff's claim that he removed his glasses and placed them on a counter.  Sgt. Williams was never in possession of his glasses.

Sgt. Williams respectfully requests that this court grant his cross-motion for summary judgment that plaintiff failed to show a *prima facie* case of an Eighth Amendment violation.

Dated this 7th day of August, 2007, at Juneau, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on August 7, 2007, I caused the foregoing
To be served electronically on plaintiff's attorney:

Ms. Holly Johanknecht
Disability Law Firm
3330 Arctic Blvd. Suite 103
Anchorage, AK  99503

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska

Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case A05-212 CV (JWS)
Page 9 of 10.

Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us