Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHESTER LEE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. 3:05-cv-00212-JWS |

**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff's opposition to defendant's motion is without merit.  Plaintiff's claim that Sgt. Williams violated his right against cruel and unusual punishment is not a civil rights claim because he failed to allege (1) defendant's willful indifference and (2) a serious medical need.  An essential element of an Eighth Amendment claim is that plaintiff allege that the defendant acted with "deliberate indifference" to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 104-106, 97 S.Ct. 285, 290-291, 50 L.Ed.2d 251 (1976)(citations omitted).   The United States Supreme Court has ruled

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-00212-JWS
Page 1 of 3.

that there is a subjective component to the "deliberative indifference" standard enunciated in *Estelle*; i.e., there must be an inquiry into the state of mind of the official(s) accused of inflicting cruel and unusual punishment. *Farmer v. Brennan*, 114 S.Ct. 1970 (1994). "[D]eliberate indifference entails something more than mere negligence—[but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge harm will result." *Id.*

Plaintiff has consistently claimed that defendant placed his glasses on a counter after his assault on Trooper Zimmerman, and that the glasses were lost. *See* docket 15, p. 3, docket 47, pp. 1 & 3. Plaintiff cannot now deny defendant's alleged negligence in losing the glasses and claim he was somehow deliberately indifferent because this claim conflicts with his prior statements that the glasses were lost and is a sham. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998); *Radobenko v. Automated* Equipment *Corp.*, 520 F.2d 540, 543-544 (9th Cir. 1975). Plaintiff has no evidence that Sgt. Williams was deliberately indifferent to plaintiff's serious medical need, and consequently, there are no genuine issues of material fact in this case.

Sgt. Williams cites both the Department of Corrections administrative procedure for compensation for lost property as well as the Torts Claim Act because these remedies are available to an inmate who claims that a state employee has negligently lost his property. Although DOC denied his claim for lost property, plaintiff could have filed suit in state court for his lost glasses.

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-00212-JWS
Page 2 of 3.

Sgt. Williams respectfully requests that this court enter its order of summary judgment in his favor.

TALIS J. COLBERG
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on August 10, 2007, a copy of the foregoing Document was served electronically on Holly Johanknect, Disability Law Center, 3330 Arctic Blvd., Suite 103, Anchorage, Ak  99503

By:
s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-00212-JWS
Page 3 of 3.