Holly J. Johanknecht, Esq.
Disability Law Center of Alaska
3330 Arctic Blvd, Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
E-Mail: hollyj@dlcak.org
AK Bar No. 0511103
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS, )<br>)<br>    Plaintiff )<br>) Case No. 3:05-cv-212 JWS<br>v. )<br>)<br>CHESTER LEE WILLIAMS, )<br>)<br>    Defendant ) | |

Defendant's Opposition to Plaintiff's Motion for Summary Judgment  fails to address several important points made by Plaintiff in his  Motion for Summary Judgment. As a result of these failures, Defendant fails to prove that Plaintiff is not entitled to Summary Judgment, thus Plaintiff's Motion for Summary Judgment should be granted.

### ARGUMENT

**I.      The Material Facts are Undisputed**

Defendant claims to dispute several facts present in this case, however, he failed to dispute those facts material to the case, (1) While incarcerated, and under the supervision of Defendant, Plaintiff's prescription eyeglasses were taken from him and not returned, and (2) Defendant knew of this loss to Plaintiff, and despite this knowledge, failed to return Plaintiff's prescription eyeglasses to him. Whether or not Defendant lost the glasses or intentionally took the glasses is

not relevant. What is relevant is that Mr. Andrews's glasses were taken from him and not returned, and that Defendant knew that Mr. Andrews's glasses were missing and despite repeated attempts by Mr. Andrews to regain his glasses, the glasses were never returned, and Defendant failed to provide replacement glasses.

With regard to Defendant's argument that he denied Mr. Andrews allegations concerning the pain he suffered as a result of the loss of his glasses, as Defendant is not a doctor, his denial of Mr. Andrews's claims of pain are hardly relevant.

## II. Defendant's Conduct Amounts to Cruel and Unusual Punishment

### A. Plaintiff Has Established that Defendant Acted with Deliberate Indifference

As discussed in Plaintiff's Motion for Summary Judgment[1], Defendant's failure to return or replace Mr. Andrew's glasses, despite being aware that Mr. Andrews was without glasses, and actively seeking their return amounts to deliberate indifference. Defendant states there is no evidence that Sgt. Williams intentionally withheld the glasses from plaintiff. However, the fact that despite Mr. Andrews's repeated attempts, through cop-outs, grievances, lost property forms, and even an appeal, Defendant failed to return or replace the missing glasses. It is Defendant's actions and failures to act in returning or replacing the glasses that amounts to deliberate indifference.

### B. Plaintiff Has Established a Serious Medical Need

Despite Defendant's claims to the contrary, the ill effects suffered when an individual does not wear glasses when those glasses are needed and prescribed are easily known and understood by any layperson. It is obvious that an individual with uncorrected vision will suffer exactly those types of pain and injury claimed by Mr. Andrews.

---

[1] Docket No. 78, pg. 7.

The cases cited by Defendant are clearly distinguishable and offer little support to Defendant's contentions. In *Davidson v. Scully*, an inmate received glasses with incorrectly ground lenses and suffered blurry vision, headaches and tearing as a result. 155 F.Supp. 2d 77 (S.D. N.Y. 2001). This case is very different from Mr. Andrews's. Mr. Andrews had glasses with the correct prescription and they were taken from him. This is not a case where some error amounted to less then perfect medical care as in *Scully*, rather this is a case where Defendant's actions and failures to act interfered with the medical care received by Mr. Andrews, and that interference resulted in serious harm to Plaintiff. The issues involved in *Scully* and this case are distinctly different, the only similarity is that both plaintiff's claims involved prescription eyeglasses.

Defendant also cited, *Diaz v. Safeway*, a case in which a pregnant woman claimed to suffer pregnancy complications and back problems following a fall. 2006 WL 753143. Unlike the extremely complicated nature of a pregnancy, the ill effects of uncorrected vision are well known and clear to any layperson. While Mr. Andrews's original claim for damages may not accurately reflect actual damages suffered, that is a matter to be resolved at the conclusion of the litigation. Mr. Andrews's ability or inability to gage monetary damages does not impact his ability to accurately determine and express the pain he suffered as a result of the loss of his glasses. An expert witness is not required to demonstrate the obvious impact of uncorrected vision.

## CONCLUSION

Defendant fails to adequately address and disprove Plaintiff's assertion that he suffered cruel and unusual punishment as a result of Defendant's actions and inactions. Thus Mr. Andrews respectfully requests that this Court grant his Motion for Summary Judgment.

Dated this 13th day of August 2007.

                                      s/ Holly J. Johanknecht
                                      Holly J. Johanknecht
                                      Disability Law Center of Alaska
                                      3330 Arctic Boulevard, Suite 103
                                      Anchorage, Alaska 99503
                                      Telephone: 907-565-1002
                                      Fax: 907-565-1000
                                      Email: hollyj@dlcak.org
                                      Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 13th day of August 2007, a copy of this document was served electronically on:

Marilyn Kamm
Office of the Attorney General
marilyn_kamm@law.state.ak.us

/s Holly J. Johanknecht
Holly J. Johanknecht

Reply to Opposition to Plaintiff's Motion for Summary Judgment        Pg. 4 of 4
*Andrews v. Williams*
Case No 3:05-cv-212 (JWS)