Holly J. Johanknecht, Esq.
Disability Law Center of Alaska
3330 Arctic Blvd, Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
E-Mail: hollyj@dlcak.org
AK Bar No. 0511103
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,                    )<br>                                                             )<br>        Plaintiff                              )<br>                                                             )<br>v.                                                         )<br>                                                             )<br>CHESTER LEE WILLIAMS,           )<br>                                                             )<br>        Defendant                           )<br>                                                             ) | Case No. 3:05-cv-212 JWS<br><br><br><br><br><br>**OPPOSITION  TO  CROSS-MOTION<br>FOR SUMMARY JUDGMENT** |

### INTRODUCTION

Defendants filed a Cross-Motion for Summary Judgment asserting that plaintiff failed to prove that his Eighth Amendment rights were violated. Plaintiff's motion fails to meet the standard for summary judgment set out in Federal Rule of Civil Procedure 56(c), as Defendant has failed to allege that no genuine issues of material fact exist, and failed to demonstrate that he is entitled to judgment as a matter of law.

### FACTS

Mr. Andrews filed a Prisoner's Complaint under the Civil Rights Act 42 U.S.C. § 1983 citing a violation of the prohibition against cruel and unusual punishment.[1] In the Second Amended Complaint, Plaintiff alleged violations of the Eighth Amendment to the United States

---

[1] Complaint, Docket  No. 15, p. 3.

Constitution.[2] The Second Amended Complaint also stated that, "[t]he loss of Plaintiff's glasses has caused him double vision, headaches as well as loss of vision."[3]

On May 14, 2004, during, or immediately after a physical altercation between Mr. Andrews and Defendant Williams, Mr. Andrew's prescription eyeglasses were taken from him and not returned.[4] Mr. Andrews filed a number of cop-outs and grievances with the Department of Corrections in an attempt to regain his glasses, in addition to filing a lost property report.[5] Plaintiff's glasses have not been returned to him, no have replacement glasses been provided.

## ARGUMENT

The standard for a motion for summary judgment is set out in Rule 56 of the Federal Rules of Civil Procedure. That rule requires two things, (1) a showing that there are no genuine issues of material fact, and (2) that the moving party is entitled to judgment as a matter of law. Defendant fails to allege that there are no genuine issues of material fact, rather Defendant disputes Mr. Andrews claim that there are no genuine issues of material fact. Furthermore, Defendant fails to demonstrate that he is entitled to judgment as a matter of law.

### I. Genuine Issues of Material Fact

Defendant's Cross-Motion disputes the material facts alleged by Mr. Andrews, rather, Defendant attempts to argue that there ARE genuine issues of material fact. In order for a motion for summary judgment to be granted, there must be a showing that "there is no genuine issue as to any material fact". Fed. R. Civ. Pro. 56(c). As Defendant has failed to make such a showing, his motion should be denied.

---

[2] Second Amended Complaint, Docket No. 42, p.2, paragraph 10.
[3] Second Amended Complaint, Docket No. 42, p.2, paragraph 10.
[4] Complaint, Docket No. 15, p. 3.
[5] Defendant's First Motion for Summary Judgment, Docket No. 47, Exhibits B and C.

Furthermore, while Defendant claims to dispute several facts present in this case, however, he failed to dispute those facts material to the case, (1) While incarcerated, and under the supervision of Defendant, Plaintiff's prescription eyeglasses were taken from him and not returned, and (2) Defendant knew of this loss to Plaintiff, and despite this knowledge, failed to return Plaintiff's prescription eyeglasses to him, or provide replacement glasses. Whether or not Defendant lost the glasses or intentionally took the glasses is not relevant. What is relevant is that Mr. Andrews's glasses were taken from him and not returned, and that Defendant knew that Mr. Andrews's glasses were missing and despite repeated attempts by Mr. Andrews to regain his glasses, the glasses were never returned, and Defendant failed to provide replacement glasses.

## II.   Mr. Andrew's Eight Amendment Rights Were Violated

The Eighth Amendment of the United States Constitution's prohibition against cruel and unusual punishment mandates that prisons, and prison officials provide inmates with medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "An inmate must rely on prison authorities to treat his medical needs, if the authorities fail to do so, those needs will not be met." *Id*. Thus, deliberate indifference to the medical needs of prisoners violates the Eighth Amendment.

### a.   Defendant Acted with Deliberate Indifference

Defendant's failure to return or replace Mr. Andrew's glasses, despite being aware that Mr. Andrews was without glasses, and actively seeking their return amounts to deliberate indifference. Defendant states there is no evidence that Sgt. Williams intentionally withheld the glasses from plaintiff. However, despite Mr. Andrews's repeated attempts, through cop-outs, grievances, lost property forms, and even an appeal, Defendant failed to return or replace the missing glasses. It is Defendant's actions and failures to act in returning or replacing the glasses that amounts to deliberate indifference.

Defendant fails to address Plaintiff's repeated attempts to regain his glasses and Defendant's knowledge of these attempts. The case cited in Defendant's Motion, *Estelle v. Gamble*, states that deliberate indifference exists "whether the indifference is manifested … by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." 429 U.S. 97, 104 (1976). Defendant intentionally interfered with the medical treatment Mr. Andrews was receiving when he failed, despite repeated opportunities, to return or replace Mr. Andrews's glasses. Defendant provides no evidence that he exhibited conduct that could be considered anything but deliberate indifference.

### b. Defendant's Conduct Resulted in a Serious Deprivation to Mr. Andrews, and Mr. Andrews Suffered Substantial Harm as a Result.

When Defendant Williams removed Plaintiff's prescriptions eyeglasses, and failed to return them, Plaintiff was objectively, seriously deprived of the use of important medical equipment, the use of which was prescribed by a doctor. Despite significant effort by Mr. Andrews to secure the return of his glasses through the prison's administrative system, he has received no relief. Defendant attempts to argue that this interference with Mr. Andrews's medical treatment that occurred when his glasses were taken from him, and the pain he suffered as a result does not amount to a serious medical need. However, Defendant fails to sufficiently prove his claims, and the cases cited by Defendant are clearly distinguishable and offer little support to Defendant's contentions.

In *Davidson v. Scully*, an inmate received glasses with incorrectly ground lenses and suffered blurry vision, headaches and tearing as a result. 155 F.Supp. 2d 77 (S.D. N.Y. 2001). This case is very different from Mr. Andrews's. Mr. Andrews had glasses with the correct prescription and they were taken from him. This is not a case where some error amounted to less then perfect

medical care as in *Scully*, rather this is a case where Defendant's actions and failures to act interfered with the medical care received by Mr. Andrews, and that interference resulted in serious harm to Plaintiff, and a complete interference with a prescribed treatment, and a complete absence of any treatment or care for his vision problems. The issues involved in *Scully* and this case are distinctly different; the only similarity is that both plaintiffs' claims involved prescription eyeglasses.

Defendant also cited, *Diaz v. Safeway*, a case in which a pregnant woman claimed to suffer pregnancy complications and back problems following a fall. 2006 WL 753143. Unlike the extremely complicated nature of a pregnancy, the ill effects of uncorrected vision are well known and clear to any layperson. While Mr. Andrews's original claim for damages may not accurately reflect actual damages suffered, that is a matter to be resolved at the conclusion of the litigation. Mr. Andrews's ability or inability to gage monetary damages does not impact his ability to accurately determine and express the pain he suffered as a result of the loss of his glasses. An expert witness is not required to demonstrate the obvious impact of uncorrected vision.

## CONCLUSION

Defendant's Motion fails to meet the standard for summary judgment set out in Federal Rule of Civil Procedure 56 (c) in two ways. First, he fails to show, or even argue that there are no genuine issues of material fact. Second, he fails to sufficiently argue that Mr. Andrews has not proven his claim of cruel and unusual punishment, and thus fails to demonstrate that he is entitled to judgment as a matter of law. For these reasons Mr. Andrews respectfully requests that, Defendant's Cross-Motion for Summary Judgment be denied.

Dated in Anchorage, Alaska, this 30th day of August, 2007

/s/ Holly J. Johanknecht
Holly J. Johanknecht
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: hollyj@dlcak.org
Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 30th day of August 2007, a copy of this document was served electronically via ECF on:

Marilyn Kamm
Office of the Attorney General
marilyn_kamm@law.state.ak.us

/s Holly J. Johanknecht
Holly J. Johanknecht