Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,                )<br>                                                       )<br>            Plaintiff,                              )<br>                                                       )<br>    vs.                                              )<br>                                                       )<br> CHESTER LEE WILLIAMS,         )<br>                                                       )<br>             Defendant.                          )<br>_____ ) | Case No. 3:05-cv-212-JWS |

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff's opposition to Sgt. Williams' motion for summary judgment was filed before Sgt. Williams signed his Affidavit and returned it to counsel.  Counsel for Sgt. Williams has filed both a request for extension of time in which to file the affidavit on or before August 28th  because he was on vacation until then (*see* docket 82), and a motion for leave to file his affidavit since it was not received by counsel until September 3, 2007(*see* docket 91).  If the court accepts the late affidavit, then it will have before it evidence that disputes the claims made by plaintiff.

Plaintiff cites his Second Amended Complaint at docket 42 as evidence that he had double vision, headaches, and a loss of vision after his glasses were allegedly taken

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 1 of 3.

from him. This amended complaint is unverified. Consequently, counsel's allegations are not evidence in this matter. Moreover, the evidence is inadmissible because plaintiff needs an expert to support his claims. Contrary to plaintiff's claims, the "ill effects" of uncorrected vision are not well known and clear to any layperson. A layperson would know that without prescription glasses some people have decreased vision; a layperson would not expect that any person deprived of his or her prescription glasses would have double vision and headaches.

Plaintiff also confuses Sgt. Williams with the Department of Corrections. His cop-outs, grievances, lost property forms, and appeal were addressed to the Department of Corrections, not Sgt. Williams. The reasons the lost property claim and cop-outs and grievances were not successful was that the department did not believe that Sgt. Williams had removed plaintiff's glasses.

Finally, the claim that it is immaterial whether Sgt. Williams lost the glasses or intentionally took them from plaintiff is in error. If he lost the glasses, he would be liable for negligence, which is not a civil rights claim. There is no evidence of deliberate indifference: i.e., that Sgt. Williams intentionally took plaintiff's glasses for the purpose of depriving him of a medical necessity. All of plaintiff's cop-outs, grievances and lost property claim refer to the glasses as lost. He cannot now claim they were intentionally taken from him. As a result, defendant is entitled to an order of summary judgment.

Dated this 7th day of September, 2007, at Juneau, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 2 of 3.

Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on September 7, 2007, I caused the foregoing
To be served electronically on plaintiff's attorney:

Ms. Holly J. Johanknecht
Disability Law Firm
3330 Arctic Blvd. Suite 103
Anchorage, AK  99503

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Reply to Opposition to Motion for Summary Judgment
*Andrews v. Williams,* Case 3:05-cv-212-JWS
Page 3 of 3.