UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,         ) | |
|               Plaintiff,      ) | 3:05-cv-00212 JWS |
| vs.                            ) | ORDER AND OPINION |
| CHESTER LEE WILLIAMS,    ) | (Re:  Motions at docs. 76, 77 & 84) |
|               Defendant.   ) | |

## I.  MOTION PRESENTED

At docket 76, defendant Sergeant Chester Lee Williams moves for summary judgment on plaintiff Peter Lee Andrews" claim for lost property.  The motion is essentially repeated in what defendant deems a "cross-motion for summary judgment" at docket 84.  In addition, plaintiff moves for summary judgment at docket 77.  All motion have been briefed.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

In his Second Amended Complaint, Andrews alleged that defendant Williams wrestled him to the ground and hit him in the ribs on May 14, 2004, in the Cook Inlet Pretrial booking area.[1]  Plaintiff further alleged that Williams took plaintiff's prescription eye glasses at that time and did not return them.  The Second Amended Complaint asserted that Williams violated Andrews' rights under the Eighth Amendment.  In an earlier order, this court dismissed the claim advanced by Andrews based on the alleged

---

[1]Doc. 42.

assault on May 14, 2004, because Andrews had not properly exhausted the grievance procedure available to him with respect to the assault.[2]  In that same order, the court declined to dismiss the claim for loss of the eyeglasses, because that claim had been exhausted, and the only basis advanced for dismissal of the claim was failure to exhaust administrative remedies.

### III.  DISCUSSION

In the current motion Williams contends that the lost property claim cannot be pursued based on an alleged violation of the Eighth Amendment, because plaintiff has not even pled the essential elements of the claim and the undisputed facts do not support such a claim.

A claim for violation of the Eighth Amendment based upon deliberate indifference to a medical need requires a plaintiff to set forth facts to support a conclusion that the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"[3]  Andrews' Second Amended Complaint alleges that the loss of his glasses has caused double vision, headaches, and loss of vision.  The court will assume for purposes of this motion that this is a sufficient allegation of significant injury.  Defendant presents no evidence to show that this was not a significant injury.

To make a claim against Williams for the loss of the glasses, Andrews must also present facts sufficient to show that Williams acted with deliberate indifference to his medical needs.[4]  It is undisputed that the eyeglasses were lost after Williams placed them up on a counter.  There is no evidence that Williams intentionally lost the eyeglasses, or that Williams himself ever did anything more with the eyeglasses than place them on the counter.  Somehow they got lost.  Maybe it was negligent to put the

---

[2] Doc. 67.

[3] *Jet v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006 (quoting *McGuckin v. Smith*, 974 F. 2d 1050, 1059 (9th Cir. 1991) (overruled on other grounds by *WMX Techs, Inc. V. Miller,* 104 F.3d 1133

[4] *Estelle v. Gamble*, 429 U.S. 97,104-05 (1976) .

eyeglasses on the counter. Even assuming it was negligent to do so, negligence is not enough to support an Eighth Amendment claim.[5]

The undisputed facts surrounding the disappearance of the eyeglasses do not show that Williams was deliberately indifferent to Andrews' medical needs. At most he was negligent. It follows that defendant Williams is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56.

## IV.  CONCLUSION

For the reasons above, Williams first motion for summary judgment at docket 76 is **GRANTED**, Andrews' motion for summary judgment at docket 77 is **DENIED**, and Williams' second motion for summary judgment at docket 84 is **DENIED** as moot. The court has previously dismissed plaintiff's other claims for failure to exhaust administrative remedies. As implied in defendants' briefing in support of the motion at docket 76, Andrews may be able to pursue a state law tort claim in state court. This court takes no position on that matter.

The Clerk will please enter a judgment that this case is dismissed without prejudice.

DATED at Anchorage, Alaska, this 21st day of November 2007.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[5]*Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988).